SCHOTT, Judge.
This is a damage suit for personal injuries sustained by Glenn A. Scheer in a beating administered to him by three employees of the defendant, Pat O’Brien’s Bar, Inc. The case was tried to a jury which returned a verdict in plaintiff’s favor for $50,000 against Pat O’Brien’s Bar. None of the three individuals was cast in judgment. In this appeal defendant raises issues over evi-dentiary rulings by the trial judge and the charge and interrogatories given to the jury. Defendant also takes issue with the quantum of damages contending that the award was grossly excessive.
At about 6 AM one Saturday morning plaintiff and his companion, Edward Duke, after partying all night, decided to go to Pat O’Brien’s, a popular tavern in the French Quarter of New Orleans. The manager, Lonnie T. Eastland, was standing in front of the establishment with a security guard, Rocky Macaluso. Plaintiff was told the place was closed, and exactly what transpired in the brief conversation which followed is in conflict. According to plaintiff and Duke, Eastland punched plaintiff in the *294 face for no reason, knocking him to the ground whereupon two other employees of Pat O’Brien’s, defendants Sidney Serentine and Charles Jones, administered a beating to plaintiff. These two defendants were not on duty as employees at the time. They had completed their shifts as night managers and were at a bar across the street from Pat O’Brien’s when they saw Eastland having difficulty with plaintiff.
According to the three defendants, the security guard and the two other witnesses, plaintiff provoked the fight by threatening Eastland with a ceramic beer mug and throwing it at him. These witnesses testified that the beer mug shattered against the wall of Pat O’Brien’s. However, plaintiff and Duke testified that the beer mug plaintiff was carrying was plastic and flew up in the air after he was struck by East-land. Defendants’ version of the affair was that after Eastland was intimidated he shoved plaintiff away and Serentine and Jones intervened when they saw plaintiff throw the mug at Eastland and feared that Eastland was in danger. They testified that they struck plaintiff because he was struggling and fighting with them and that plaintiff struck the first blows at them. Since the jury resolved this conflict in favor of plaintiff and Duke the case would ordinarily be susceptible of easy disposition in this court since the case would seem to be a credibility call. However, if defendant’s contentions with respect to the evidentiary rulings and the trial judge’s instructions and special interrogatories are correct we must disregard the findings of the jury and decide the case on the record ourselves.
The first question raised by defendant is over the trial court’s failure to admit testimony regarding a previous arrest of plaintiff on a charge of public drunkenness. While plaintiff was under cross examination he was asked the question, “Have you ever been arrested, sir, for intoxication in public, sir?” Plaintiff’s objection to this question was sustained by the trial judge and defendants elicited testimony from plaintiff on a proffer outside the presence of the jury that he had been arrested around 1973 in Chattanooga, Tennessee, for being drunk in public, spent four hours in jail, paid a fine and was released the following morning.
The precise question to which the objection was made was whether plaintiff had been previously arrested for public drunkenness. As to this question defendant’s reliance on Ashley v. Nissan Motor Corp., in U. S. A., 821 So.2d 868 (La.App. 1st Cir. 1975) writs refused 323 So.2d 478, is misplaced. That case held that a previous conviction is admissible to impeach the credibility of a witness but it did not sanction the use of a previous arrest for impeachment purposes. LSA-R.S. 15:495 specifically prohibits the use of a previous arrest to impeach credibility in criminal prosecutions. In Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3rd Cir. 1980) the court recognized that this statute does not apply to civil cases but held that the same rule áp-plies based on “the weight of this state’s jurisprudence.” There, in a case arising out of a vehicular collision, the court allowed evidence of prior convictions of driving while intoxicated on the part of defendant’s driver.
While it seems clear that a previous arrest is not admissible, the issue raised by defendant goes beyond this question because in the proffer plaintiff admitted that he paid a fine on the previous occasion, implying that he was convicted on his own plea of guilty. Assuming that to be so, we nevertheless conclude that the evidence was inadmissible and properly excluded. In Cambrice v. Ferm Supply Co., Inc., 285 So.2d 863 (La.App. 4th Cir. 1973) we held that evidence of a prior traffic conviction was inadmissible in an automobile accident case, reiterating the rule announced by our predecessor court in Buras v. Peck, 83 So.2d 783 (La.App.Orl.1955). The rationale for this rule seems to be that such a prior conviction has no bearing on the witness’s credibility and is irrelevant to the issue of the witness’s negligence in the case being tried. Similarly, plaintiff’s arrest and presumed conviction for public drunkenness on an occasion five years prior to the incident *295 in question here was irrelevant to the issue sought to be proved by defendant that plaintiff was drunk on this occasion. The evidence is uncontradicted that plaintiff and his companion had been drinking prior to the incident, but this old incident could scarcely affect his credibility in his testimony that he was not drunk on this particular occasion.
We likewise reject defendant’s argument that this isolated arrest or conviction for drunkenness when plaintiff was 24 years of age was admissible to rebut any suggestion that plaintiff was a good, law abiding citizen. We are not persuaded that plaintiff’s character or reputation was an important issue at trial and deem the previous arrest or conviction irrelevant.
The other evidentiary ruling complained of by defendant is with respect to the trial court’s allowing the investigating police officer to read portions of his report written some hours after the investigation. This argument has no merit. The police officer testified before the jury that he took notes during his investigation and incorporated the information in his formal report which he was given while on the witness stand for the purpose of refreshing his memory.
In attacking this procedure defendant refers to Veal v. Hutchinson, 284 So.2d 60 (La.App. 4th Cir. 1973) writs refused 286 So.2d 662, but that case is distinguishable. There we held that the police report made by a deceased policeman was inadmissible. In the present case the policeman was available for cross examination and he used his report primarily to refresh his memory. To the extent that he read portions of his report, it was admissible as past recollection recorded. Aetna Casualty & Surety Company v. Braud, 327 So.2d 183 (La.App. 4th 1976); Primeaux v. Kinney, 256 So.2d 140 (La.App. 3rd Cir. 1971).
We next consider defendant’s objections to the trial judge’s inclusion in his jury charge of five special instructions requested by plaintiff. Plaintiff’s special requested instruction No. 1 was as follows:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act. Thus, if you find that Lonnie Eastland in any way assisted or encouraged Charlie Jones and Sidney Serentine in their alleged assault upon Glenn Scheer, Lonnie Eastland is liable to Glenn Scheer for his injuries even if East-land himself never actually administered one blow.”
Defendant first contends that there was no evidence at the trial on which to base the instruction. However, Duke’s testimony was to the effect that after Eastland punched plaintiff he beckoned toward Ser-entine and Jones, who jumped on plaintiff and beat him. Furthermore, Duke testified that Eastland threatened him and ordered him to leave, thus discouraging him from rendering assistance to plaintiff. Thus, defendant’s objection has no merit.
Defendant next contends that the instruction is a “gross misinterpretation” of the law. However, the first sentence is quoted from LSA-C.C. Art. 2324, and the second merely paraphrases the article to include the parties and their alleged tor-tious conduct. We are not persuaded that the instruction was erroneous.
Next, defendant complains of plaintiff’s special requested instruction No. 2:
“If an individual even tacitly enters into a conspiracy with others to injure a person and thereafter, assists or encourages the commission of a battery on said person, such individual is answerable in soli-do with the other defendants for damage caused by said battery.”
In this instance defendant takes issue especially with the use of the word “conspiracy” in the instruction arguing that there was no evidentiary basis for its inclusion and that such use was per se prejudicial. “Conspiracy” in the popular sense simply connotes a combination of persons for an evil purpose. “Websters Dictionary” compiled by John Gage Allen, Ph.D. 1981 Edition. Duke’s testimony provided a factual basis for the instruction while Miller v. *296 Keating, 339 So.2d 40 (La.App. 3rd Cir. 1976), amended and affirmed 349 So.2d 265 (La.1977) supports it legally.
Plaintiff’s special requested instruction No. 3 is as follows:
“Even if you find that Glenn Scheer committed an aggressive act which justified a battery, the law of Louisiana allows the person retaliating to use only so much force as is necessary to repel the aggression. Where more force than that which is necessary is used, the person retaliating is liable in damages for the injuries caused by employment of force in excess of what would have been reasonably necessary.”
Here defendant confines his objection to the use of the words “even if” at the beginning of the instruction, contending that this tended to show feeling on the part of the court and had the effect of overwhelming the jury. Even if the use of the two words were error it would be harmless error at worst and surely not reversible, especially considering that the judge told the jury repeatedly that they were the sole judges of the facts of the case.
Defendant next assigns error to the inclusion in the charge of plaintiff’s special requested instruction No. 10 as follows:
“If you find that Lonnie Eastland’s actions toward Glenn Scheer were done in furtherance of his job as manager at Pat O’Brien’s, then his participation in the battery alleged committed upon Glenn Scheer is attributable to Pat O’Brien’s and Pat O’Brien’s Bar is solidarily liable, along with Eastland, Serentine and Jones for the injuries sustained by Glenn Scheer.”
Defendant contends that this instruction improperly “lumps together” the acts committed by the three defendants and tends to obviate “all of the testimony at trial,” that Eastland only struck or pushed plaintiff once. This argument overlooks Duke’s testimony already referred to. From a legal point of view we are satisfied that this instruction is a correct statement of the law as discussed in Miller v. Keating, supra.
Finally, defendant complains about plaintiff’s special requested instruction No. 11:
“If you find that Lonnie Eastland, as manager on duty of Pat O’Brien’s Bar, Inc., was present when Charlie Jones and Sidney Serentine committed a battery upon Glenn Scheer and that Eastland had been party to the original argument which led to the battery, and made no attempt physically or verbally to restrain his co-employees then Lonnie Eastland is liable to Glenn Scheer for the injuries he suffered in that he acquiesced and condoned and approved the actions of Charlie Jones and Sidney Serentine.”
In Murray v. Dominick, 236 So.2d 626 (La.App.2nd Cir.1970) from which this instruction was taken, Murray was beaten by Dominick’s employee in his presence. The court held:
“Therefore, we are unable to escape the conclusion, even if it could be said that Dominick was not an actual participant in the affray, he was present, acquiesced in, condoned, and approved the actions of his employee. Dominick’s failure to protest the action of Reid, his employee, must therefore be regarded as an approval or as a condonation of his agent’s action.”
Defendant argues that this statement is inapplicable because Eastland had no authority over the two off-duty night managers. However, Eastland, who was on duty as manager at the time, was in charge of Pat O’Brien’s for whom the others worked. If Duke’s testimony is believed Eastland did prevail upon the others to beat plaintiff, thus exercising authority over them. Under these circumstances we cannot conclude that the instruction was erroneous.
To our discussion of the specific objections and arguments made by defendant to the charge we add that these excerpts have been taken from the context of comprehensive instructions which correctly discuss the legal principles applicable in a suit based on assault and battery, including burden of proof, liability to one who was an aggressor at the outset and self defense. Even if a sentence or paragraph here and there is questionable the charge as a whole was not *297 erroneous. Furthermore, a reading of this record convinces us that the jury made its ultimate decision after resolving the conflict between plaintiff and his witness on the one hand and the three defendants and their witnesses on the other hand, in favor of plaintiff. The jury had to be impressed with the extent of the injuries sustained by this 29 year old plaintiff, who was six feet tall and weighed 140 pounds, at the hands of Serentine, 31 years old, six feet tall and weighed 170 pounds; Jones, 40 years old, 6’4” tall and weighed 200 pounds, and East-land, 60 years old, 6 feet tall and weighed 225 pounds. For them to reach their verdict they had to believe that plaintiff was the victim of an unwarranted attack and excessive beating initiated by Eastland in the performance of his duties as the manager of Pat O’Brien’s and joined in by Seren-tine and Jones at the request and with the encouragement of Eastland. Once this conclusion is reached any errors contained in the instructions quoted above would at worst be harmless error but not reversible.
Defendant next complains that the interrogatories submitted to the jury by the trial court were incomplete and confusing. They were as follows:
“Is Glenn A. Scheer entitled to recover damages from any or all defendants?
YES_ NO_
If no, do not answer any other questions.
What amount of money damages do you award to plaintiff?
$_
Against whom is plaintiff entitled to recover damages?
1. Pat O’Brien’s_
2. Lonnie T. Eastland_
3. Sidney Serentine_
4. Charlie L. Jones_”
This objection to interrogatories is not properly before us because defendant failed to object to the interrogatories before the jury retired to deliberate. St. Pierre v. General American Transp. Corp., 360 So.2d 595 (La.App. 4th Cir. 1978). In any event, while the interrogatories did not include a question as to whether Pat O’Brien’s was vicariously liable to plaintiff for the actions of Eastland or the others they must be considered in relation to the charge to the jury which properly outlined what they had to find in order to hold Pat O’Brien’s vicariously liable. Furthermore, the trial court has discretion under C.C.P. 1812 to submit interrogatories on “one or more issues of fact.” Defendant has not demonstrated an abuse of such discretion.
Defendant’s last assignment of error is addressed to the amount of award which was $50,000, including general and special damages. Plaintiff sustained multiple fractures of the bony structure beneath his left eye, the front wall of his sinus was crushed, surgery was required, a tooth was eventually lost, and he was left with some permanent disfigurement, loss of some sinus function and numbness. His medical expenses exceeded $3,800.00 and he incurred some loss of income. While the latter item was not specifically proven plaintiff’s testimony that his treatment and recuperation period caused him to lose momentum in earning bonuses and commissions was corroborated by his tax returns. Considering the principles discussed in Folse v. Fakouri, 371 So.2d 1120 (La.1979) this evidence was quite sufficient to enable the jury to include a substantial figure in its verdict for loss of earnings. In the final analysis we regard Reck v. Stevens, 373 So.2d 498 (La.1979) as authority for rejecting defendant’s argument that the award constituted an abuse of the jury’s discretion.
Accordingly, the judgment is affirmed.
AFFIRMED.