493 So.2d 902 (1986)
Joan COLLINS, Plaintiff-Appellant,
v.
NATCHITOCHES PARISH HOSPITAL, et al., Defendants-Appellees.
No. 85-820.
Court of Appeal of Louisiana, Third Circuit.
September 4, 1986.
Writ Denied November 14, 1986.
*903 Charles W. Seaman, Natchitoches, for plaintiff-appellant.
Watson, Murchison, Steven D. Crews, Natchitoches, for defendants-appellees.
Before STOKER, KNOLL and KING, JJ.
PER CURIAM.
The plaintiff, Joan Collins, has appealed from a judgment which awarded her $7,000 in addition to the medical expenses incurred as a result of a rear end collision on March 15, 1984. Her vehicle was struck from behind by an ambulance belonging to the Natchitoches Parish Hospital. The errors specified are the amount awarded for general damages and the fixing of a doctor's expert witness fee at $100.
The plaintiff, a seventeen year old high school senior, was hospitalized on March 18, 1984, to March 24, 1984, where she was initially treated by Dr. Charles E. Cook, and later treated conservatively at intervals by Dr. William S. Bundrick, an orthopedic surgeon. Dr. Bundrick's original diagnosis was a lumbosacral myoligamentous strain with mild nerve root irritation. He saw Miss Collins on: June 7, 1984; June 28, 1984; July 26, 1984; October 9, 1984; and January 11, 1985. She complained of back pain on each of these occasions, but on Dr. Bundrick's last examination, he found the nerve root irritation had healed and that she had reached maximum medical improvement. While he recognized the plaintiff was still having "some problems" with her back strain, he did not anticipate any permanent residual disability. Plaintiff's medical expenses totaled $2,376.64.
After the accident, the plaintiff continued her high school work with few absences and was graduated on schedule in May 1984. Subsequently, she timely enrolled in a cosmetology course at a vocational school.
It is well settled that in reviewing damage awards the appellate court is not to decide what it considers an appropriate award on the basis of the evidence, but only to review the exercise of the trier of fact's discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). Before an appellate court can disturb a trial court's award of damages, the record must clearly show that the trier of fact abused its discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Having carefully reviewed the record in this case, we conclude that the trial court did not clearly abuse its wide discretion in awarding damages.
The expert witness fee statute vests in the discretion of the trial judge in fixing such fee and the judge's discretion will not be disturbed on review absent an abuse of discretion. LSA-R.S. 13:3666; Comeaux v. Dairyland Ins. Co., 399 So.2d 802 (La.App. 3rd Cir.1981). We find no abuse of discretion by the trial judge in fixing Dr. Bundrick's fee.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.