556 So.2d 1336 (1990)
David W. McDANIEL, Plaintiff-Appellee,
v.
Raywood DeJEAN, et al., Defendants-Appellants.
No. 88-965.
Court of Appeal of Louisiana, Third Circuit.
February 7, 1990.
Rehearing Denied March 13, 1990.
*1337 Preston Aucoin, Ville Platte, for plaintiff-appellee.
Stafford, Stewart & Potter, Bradley J. Gadel, Alexandria, for defendant-appellant Auto Cas.
Gist, Methvin, Hughes & Munsterman, De Witt Methvin, Alexandria, for defendant-appellee State Farm.
Before DOUCET, KNOLL and KING, JJ.
KNOLL, Judge.
Defendants, Raywood DeJean and Automotive Casualty Insurance Company (Automotive Casualty), appeal the judgment of the trial court awarding the plaintiff, David W. McDaniel, $4,000.00 in general damages and $1,500.00 in exemplary damages pursuant to LSA-C.C. Art. 2315.4. DeJean contends that the trial court erred in allowing an accident report, a DWI arrest report and intoxilyzer results into evidence and also erred in awarding exemplary damages. Automotive Casualty and Dejean contend the trial court erred in awarding plaintiff $4,000.00 in general damages for a cervical strain and a mild concussion.
Plaintiff answered the appeal seeking an increase in the award of exemplary damages and requesting that Automotive Casualty and plaintiff's UM carrier, State Farm Mutual Automobile Insurance Company (State Farm), be held liable for the exemplary damages. State Farm was dismissed from the law suit and did not appeal. State Farm filed a motion in this court to be dismissed from the answer to the appeal since neither appellant nor appellee named State Farm in the appeal.

FACTS
On March 28, 1987, at approximately 4:20 a.m., defendant, Raywood DeJean, rearended *1338 David McDaniel's pickup truck in the eastbound outside lane of traffic on Interstate 10 near the Ambassador Caffery exit. After hitting McDaniel's truck, DeJean passed McDaniel in the inside lane and attempted to flee. However, because of the severity of damage to his car, DeJean's car came to rest three-tenths of a mile from the McDaniel vehicle.
Trooper Richard A. Chargois of the Louisiana State Police conducted the accident investigation. Upon arrival, DeJean admitted to attempting to flee the scene and had bloodshot eyes, overall instability, slurred speech and a strong odor of alcohol on his breath. Trooper Chargois advised DeJean of his Miranda rights and conducted a field sobriety test. After DeJean failed the field sobriety test, Trooper Chargois placed him under arrest for operating a vehicle while intoxicated (LSA-R.S. 14:98) and transported him to the Lafayette Sheriff's Office for an alcohol breath test. DeJean tested .11% approximately two hours after the accident. He pleaded guilty to the DWI offense.
McDaniel does not remember the accident. He was transported to a local hospital with complaints of pain in his head, neck, chest, left shoulder and left forearm. He was diagnosed with acute cervical strain and a cerebral concussion. He was released from the hospital the following day.

QUANTUM
DeJean and Automotive Casualty contend the trial court erred in awarding plaintiff $4,000.00 in general damages for a cervical strain and a mild concussion.
Absent an abuse of discretion, an appellate court will not disturb a trial court's award of damages. Collins v. Natchitoches Parish Hosp., 493 So.2d 902 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 1041 (La.1986).
The evidence adduced at trial reveals that McDaniel suffered a cervical strain, mild concussion and a bruised sternum. He was hospitalized for one day and received two sessions of physical therapy. Despite mild pain in his neck, McDaniel returned to work two weeks after the accident.
Based on the injuries received and the relevant jurisprudence, we cannot say the trial court abused its discretion. Rachal v. Agudosi, 496 So.2d 1274 (La.App. 3rd Cir. 1986); Collins, supra.

HEARSAY EVIDENCE
DeJean contends the trial court erred in allowing an accident report, a DWI arrest report and intoxilyzer results into evidence. He avers that the reports and intoxilyzer results are inadmissable hearsay and, as a result, the trial court should have sustained his contemporaneous hearsay objection.
It is well settled law that police reports and test results are inadmissible hearsay when the author of the report is unavailable for cross-examination. Southern Cty. Mut. Ins. Co. v. Bryant, 385 So.2d 1286 (La.App. 3rd Cir.1980); Deville v. Aetna Insurance Company, 191 So.2d 324 (La.App. 3rd Cir.1966), writ refused, 250 La. 13, 193 So.2d 527 (1967).
Allowing an investigating police officer to read into evidence portions of his report was proper where the police officer was available for cross-examination, and used his report primarily to refresh his memory. Scheer v. Pat O'Brien's Bar, Inc., 404 So.2d 292 (La.App. 4th Cir.1981).
Failure to object to hearsay evidence when admitted at trial constitutes a waiver of right to object to its admissibility and such evidence may be considered and given probative effect. Coleman v. Victor, 326 So.2d 344 (La.1976); Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir.1981).
In the case sub judice, Trooper Chargois testified at length from his accident report without objection. He also testified regarding his certification to perform breath alcohol content tests, the step-by-step procedure in testing DeJean's breath and the .11% blood alcohol content results. Only when McDaniel offered the reports as exhibits did DeJean object on hearsay grounds. When, as in this situation, a witness testifies at length regarding hearsay *1339 statements without any hearsay objection, a litigant cannot complain about the hearsay when the reports containing the hearsay statements are later offered into evidence. Under these circumstances, we cannot say that the trial judge erred in admitting the accident report, the DWI arrest report and the intoxilyzer results.
Because we have determined that the trial court did not err in admitting into evidence the hearsay evidence, we must determine the proper evidentiary weight to be given to the intoxilyzer results.
We find the testimony of Officer Chargois preponderates that DeJean was solely at fault in causing the accident and further, that DeJean was intoxicated. Although DeJean's blood alcohol content was .11%, a litigant in a civil proceeding cannot avail himself of the statutory presumption of intoxication that is allowed in a criminal proceeding. LSA-R.S. 32:662(C). The test results of .11% blood alcohol content and DeJean's plea of guilty to DWI, standing alone, is not sufficient to prove McDaniel's entitlement to exemplary damages under LSA-C.C. Art. 2315.4. It must be shown that the intoxication was a cause in fact of the accident. While we find the guilty plea and the test results not conclusive evidence standing alone, we do find this evidence has probative value in proving entitlement to exemplary damages.

EXEMPLARY DAMAGES
DeJean contends the trial court erred in awarding exemplary damages because his intoxication was not the cause in fact of the accident, but rather his lack of sleep was the cause in fact of the accident.
In his answer to the appeal, McDaniel asks for an increase of exemplary damages and that Automotive Casualty and State Farm be held liable for the exemplary damages.
The trial court found that exemplary damages were excluded from Automotive Casualty's policy; therefore, it awarded $1500 exemplary damages against DeJean individually.
We have carefully reviewed Automotive Casualty's policy and find that it excludes exemplary damages. Under the definition portion of the policy, it defines damages as follows:

"I. DEFINITIONS
* * * * * *
K. Damagesmeans the cost of compensating those who suffer bodily injury or property damage from an accident. It does not include amounts awarded as a punishment or deterrent, or for punitive damages."
It is well established that where a policy of insurance contains a definition of any word or phrase, this definition is controlling throughout the policy. Oncale v. Aetna Cas. & Sur. Co., 417 So.2d 471, 474 (La. App. 1st Cir.1982); Elledge v. Warren, 263 So.2d 912, 914 (La.App. 3rd Cir.1972), writ refused, 262 La. 1096, 266 So.2d 223 (1972); Hendricks v. American Employers Insurance Co., 176 So.2d 827, 830 (La.App. 2nd Cir.1965), writ refused, 248 La. 415, 179 So.2d 15 (1965).
McDaniel argues that it is not applicable since the policy says punitive damages. We do not agree. We have found no difference between the words exemplary and punitive; they are used interchangeably.
McDaniel further argues that under the liability protection of the policy, since it refers to "claims" and not damages, the policy is ambiguous. The policy states:

"II. THE LIABILITY PROTECTION
A. WHAT WE WILL DO WHEN CLAIMS ARE MADE AGAINST YOU
If you have an accident while using an automobile covered by the policy:
1. And somebody makes a claim,
2. And the claim is for personal injury, death, medical expenses or other legal claims in connection with the injury or death,
3. Or the claim is for property damage, we will do these things:
* * * * * *
5. If it is decided in court that the claim is owed, we will pay the amount awarded up to the money limits of the policy."
To find the term "claim" ambiguous would be absurd. We find the policy is clear in its meaning and specifically excluded exemplary *1340 damages in its definition of damages, which is controlling throughout the policy. Accordingly, Automotive Casualty is not liable for exemplary damages. For reasons stated infra, State Farm is not liable for exemplary damages.
We now turn to Automotive Casualty's argument that DeJean's intoxication was not the cause in fact of the accident. On this issue, the trial court stated:
"However, the court finds as a fact proven that the cause in fact of this accident was the negligence of the defendant De-Jean; that said negligence was caused by the voluntary intoxication of defendant and not by his lack of sleep; if indeed he was asleep it was alcohol that lulled him into this state ..."
The record shows the following facts. DeJean is employed as a truck driver and had just finished a "run" in which he did not get meaningful sleep for at least three days and had drank at least four beers only hours before the accident. At approximately 9:30 p.m., DeJean and his sister-in-law drove to Cowgirls, a local bar. About midnight, he drove his sister-in-law home and then returned to Cowgirls. He fell asleep in his car in the parking lot and was awakened by a parking lot attendant. Then, DeJean left Cowgirls and proceeded to go home via Interstate 10. He does not remember seeing or hitting McDaniel's truck.
Trooper Chargois testified that DeJean had bloodshot eyes, a strong odor of alcohol on his breath and overall instability. During a field sobriety test, DeJean was unable to touch either index finger to his nose, could not stand on one foot beyond a count of two, and sidestepped twice while walking heel to toe.
We further note that DeJean registered.11% approximately two hours after the accident. Certainly this reading would have been higher at the time of the accident.
LSA-C.C. Art. 2315.4 provides:
"In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."
We find that given DeJean's fatigued state, he acted with a wanton or reckless disregard for the rights and safety of others by getting intoxicated and driving on the public highway and roads. We find the evidence preponderates that his intoxication was a cause in fact of the accident; therefore, the exemplary damage award was proper.
McDaniel contends that the exemplary damage award is too low. We agree that the exemplary damage award is on the low side, but we cannot say it constitutes manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).

STATE FARM
State Farm filed a motion to be dismissed from the answer to the appeal since neither appellant nor appellee named it in the appeal. For the following reasons, we grant State Farm's motion and dismiss it from the appeal.
LSA-C.C.P. Art. 2133 provides that an appellee must answer an appeal if he desires a modification, revision or reversal in part of the judgment vis-a-vis the appellant. However, an appellee's answer does not have the effect of an appeal as to any portion of the judgment rendered either in favor of, or against a party who has not appealed. To affect any party other than the appellant, the appellee must file an appeal and not simply an answer to the appeal. Francois v. Ybarzabal, 483 So.2d 602, 605 (La.1986). An answer to an appeal merely responds to the party seeking appellate review and is silent as to non-appealing parties. Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904, 907-908 (La. 1985). Therefore, the judgment in favor of State Farm is final and definitive. LSA-C.C.P. Arts. 1841, 1842.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *1341 appeal are assessed to Automotive Casualty Insurance Company.
AFFIRMED.