Dear Ms. McDonald:
Since the issuance of Opinions of the Attorney General No. 89-124-124A, your office has received and forwarded to the Attorney General much correspondence including several requests for reconsideration. Opinion Nos. 89-124 and 89-124A concluded that since Louisiana law in limited and extraordinary circumstances does authorize the recovery of punitive or exemplary damages, that the official insurance policy form cannot exclude coverage for punitive damages authorized by Louisiana law. La. Civ. Code, Art. 2315.3, 2315.4.
This opinion is one final recapitulation of the position of the Attorney General.
Public policy considerations are particularly germane to the regulation of the insurance industry. The cardinal principle of the insurance law of Louisiana is that it be administered for the benefit of the public and not the insurance industry. LSA-R.S.22:2 provides, in pertinent part:
 A. (1) Insurance is a business affected with the public interest and it is the purpose of this code to regulate that business in all its phases. . . ." (Emphasis added.)
No insurance policy form shall be issued, delivered or used unless approved by the Commissioner of Insurance. LSA-R.S.22:620. The form shall be disapproved if it does not comply with the Code, i.e. if it is inconsistent with the controlling principle of the Code that insurance be regulated in the public interest. LSA-R.S. 22:621(1).
While insurers have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations, such limitations of liability are delegitimated if they violate positive law or contravene public policy. The insurer must exercise its contractual freedom, and the Commissioner must exercise his regulatory duty in approval of the policy form, in a manner which is consistent with the public interest. Opinion of the Attorney General No. 88-193.
You have argued that the decision of the Court of Appeal for the Third Circuit in McDaniel v. DeJean, 556 So.2d 1336
(La.App. 3rd Cir. 1990) contradicts Opinion Nos. 89-124 and 89-124A and ratifies the right of the insurer to exclude coverage for exemplary or punitive damages (which the Court of Appeal holds inMcDaniel to be synonymous). This is a superficial interpretation of McDaniel and its application to the matter at issue here — whether it is in the public interest for the Commissioner of Insurance to approve insurance policy forms which exclude exemplary damages authorized by law. The public policy consideration is compelling in the approval/disapproval stage; once approved the insurance form is presumed to be consistent with the public interest and lawfully approved. LSA-R.S. 15:432.
The insurance form in the McDaniel case, involving a DWI-related accident subsumed by La. Civ. Code Art. 2315.4, hadbeen approved by the Insurance Commissioner pursuant to R.S.22:620 and lawfully issued. It excluded punitive damages. It denied exemplary damages to the plaintiff from the tortfeasor individually, but further reversed an award of exemplary damages against the insurer on the grounds that its policy insuring the tortfeasor excluded exemplary damages. In other words, the Court of Appeal enforced the contractual provisions of an insurance policy form lawfully approved and issued, and presumed by law to be lawful in form. The issue of whether the exclusion violated public policy was neither raised nor adjudicated, nor was the issue of the reasonableness of the Commissioner's approval of a policy form excluding damages authorized by substantive law.
Ironically, McDaniel ratified one key conclusion of the previous opinions — that exemplary damages are authorized by Louisiana law.
It remains the conclusion of the Attorney General that the basic policy form must include insurance coverage for punitive damages, because Louisiana law in La. Civ. Code Art.2315.3 and 2315.4 now authorizes exemplary damages in special circumstances. It would be an abuse of discretion for the Commissioner of Insurance to approve basic insurance forms which exclude coverage for the limited exemplary damages allowed by law. This conclusion is based upon public policy and the mandate of R.S. 22:2.
However, uninsured motorist coverage is mandated by law but may be waived by the insured in writing, or lower liability limits adopted. LSA-R.S. 22:1406. There is no inconsistency with public policy to allow the insured to waive in writing the basic coverage for punitive damages provided in the basic policy form approved by the Commissioner. The public interest requires that the citizen/insured be afforded the coverage if he desires it. The coverage must be included in the policy form, but it may be waived in the same manner and procedure as uninsured motorist coverage. R.S. 22:1406.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 By: _________________________
 CHARLES J. YEAGER
 Assistant Attorney General