612 So.2d 798 (1992)
Emerson TAYLOR, Sr. and Emerson Taylor, Jr.
v.
Kenneth LUMAR.
Craig HARRIS and Margaret Carter
v.
Kenneth LUMAR.
Nos. 91 CA 2170, 91 CA 2171.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Alonzo T. Stanga, III, Stanga and Mustain, Metairie, for plaintiff Harris, plaintiff Carter.
Patrick McGinity, Metairie, for defendant Lumar.
O'Neil J. Parenton, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for plaintiff Taylor.
Before WATKINS, CRAIN and GONZALES, JJ.
*799 WATKINS, Judge.
This appeal involves the claim of two guest passengers, Craig Harris and Margaret Carter, who were injured in an intersectional collision in Donaldsonville, Louisiana, when they were riding in a vehicle driven by Emerson Taylor, Jr. The other vehicle was driven by defendant, Kenneth Lumar, and it was insured by defendant, American Surety and Fidelity Insurance Company (American Surety). The trial court found that both drivers were equally at fault.
American Surety appealed the finding of liability on the part of its insured, Mr. Lumar, but he did not appeal the judgment against him individually. The plaintiff guest passengers answered the appeal, urging that the trial court's judgment, which was silent as to exemplary damages under LSA-C.C. art. 2315.4, was in error. American Surety counters the plaintiffs' claim with the argument that exemplary damages are not warranted under the facts of this case, but that even if they were warranted, American Surety's policy excludes coverage for that type of damage award.

THE ACCIDENT
On January 21, 1989, at approximately 2:00 a.m., a 1980 Buick LeSabre, operated by Mr. Emerson Taylor, Jr. and occupied by two guest passengers, was travelling in a northerly direction on Houmas Street in Donaldsonville, La. The intersection of Houmas Street with Highway 3089 is marked with a stop sign for traffic on Houmas Street, making Highway 3089 the favored roadway. At trial there was conflicting testimony as to whether Mr. Taylor failed to stop at the stop sign; however, the trial judge concluded that he "was not attentive and failed to yield fully at the stop sign." The trial judge found that Mr. Taylor saw a red Nissan just make the green light at the nearest traffic signal, that he allowed the red Nissan to pass, that he then entered the highway, and that he saw the Lumar vehicle, a 1989 Nissan Sentra, when it hit him broadside and to the rear of his automobile. Mr. Taylor's Buick was spun around and severely damaged.
Even if Mr. Taylor made only a "rolling yield" at the intersection, as Mr. Harris described, the trial judge was not clearly wrong in deciding that Mr. Taylor's act was not the sole cause of the accident. There is ample support in the record, from the physical evidence of the collision and from the testimony of the drivers and their passengers, that the accident was caused by the negligence of both drivers. The trial court obviously found credence in the testimony that Mr. Lumar was speeding, had run a red light, and had neglected to turn on his headlights at 2:00 a.m. American Surety's argument that Mr. Lumar's "bad" actions were not a cause in fact of the accident because Mr. Taylor's failure to stop was the sole cause is clearly without merit.

DAMAGES
On appeal American Surety has called our attention to errors in the calculation of damages which require us to amend the awards to all three plaintiffs to reflect correctly the percentage of fault attributable to plaintiff, Mr. Emerson Taylor, Jr.
The judgment in favor of Mr. Taylor is for $5,881.00, which includes $5,000.00 for general damages (50% of $10,000.00) and $881.00 for special damages (100% of medical expenses); instead, the total sum of $10,881.00 should have been reduced by 50% for the fault attributable to Mr. Taylor. Accordingly, we will amend the judgment in favor of Mr. Taylor to award the sum of $5,440.50 for general and special compensatory damages.
Likewise, the judgment in favor of Mr. Harris is for $4,615.82, which includes $2,750 for general damages (50% of $5,500.00) and $1,865.82 for special damages (100% of medical expenses); instead, the total sum of $7,365.82 should have been reduced by 50% for the fault attributable to Mr. Taylor. Accordingly, we will amend the judgment in favor of Mr. Harris to award the sum of $3,682.91 for general and special damages.
Finally, the judgment in favor of Ms. Carter is for $4,608.92, which includes $3,250 for general damages (50% of $6,500) and $1,358.92 for special damages (100% of *800 medical expenses); instead, the total sum of $7,858.92 should have been reduced by 50% for the fault attributable to Mr. Taylor. Accordingly, we will amend the judgment in favor of Ms. Carter to award the sum of $3,929.46 for general and special damages.

EXEMPLARY DAMAGES
The more serious issue in this case is posited by the appellees' answer to American Surety's appeal; it deals with appellees' claim for exemplary damages under LSA-C.C. art. 2315.4 for the fault of an intoxicated defendant.
Because there is a procedural bar to appellees' claim for exemplary damages against Mr. Lumar and a contractual bar to their claim against his insurer, we pretermit any discussion of whether or not the circumstances of the case warrant an award under the statute.
We are unable to award plaintiffs judgment against defendant, Mr. Lumar, because of the procedural posture of this appeal. An appellee's answer does not have the effect of an appeal as to any portion of the judgment rendered against a party who has not appealed, [McDaniel v. DeJean, 556 So.2d 1336 (La.App. 3rd Cir. 1990) ], and as we stated at the outset, Mr. Lumar did not appeal. To affect any party other than the appellant, the appellee must file an appeal and not simply rely on an answer to the appeal. The answer to an appeal merely is silent as to non-appealing parties. Id. Therefore, we cannot increase the judgment against Mr. Lumar to include exemplary damages.
Finally, we conclude that American Surety, as Mr. Lumar's insurer, is not liable for exemplary damages because American Surety excluded coverage for exemplary damages by its policy language. The automobile liability policy issued to Mr. Lumar provides, in pertinent part:
LIABILITY INSURANCE
Our Promise to You
We promise to pay damages for bodily injuries or property damage for which the law holds you responsible because of a car accident involving a car we insure. We also promise to pay additional benefits.
In the definitions section of the policy "damages" is defined as follows:
Damages means the cost of compensating those who suffer bodily injury or property damage from a car accident. It does not include amounts awarded as a punishment or deterrent, or for punitive damages. (Emphasis supplied.)
In McDaniel v. DeJean, supra, our brethern in the third circuit considered identical language in an automobile liability policy and held that the reference to "punitive" damages was sufficient to exclude damages under LSA-C.C. art. 2315.4 which uses the word "exemplary." The court gave legal effect to the exclusion.
In their answer to the appeal, the plaintiffs do not contest the meaning of the exclusion. Instead, they argue that such an exclusion is contrary to public policy in Louisiana because it contravenes the compulsory liability insurance law. We are not convinced that the compulsory liability insurance law mandates that drivers be insured for wanton or reckless behavior brought about by voluntary intoxication. Indeed, we have previously implied that such an exclusion in an automobile liability policy would be permissible and enforceable. In Falgout v. Wilson, 531 So.2d 492, 493 (La.App. 1st Cir.1988), we interpreted the policy language to provide coverage for exemplary damages, and we stated:
This language does not limit coverage merely to "compensatory damages." There is no exclusionary or limiting clause pertaining to the intoxicated condition of the insured motorist.
Moreover, the insured has a reasonable expectation of coverage for driving while intoxicated unless such coverage is expressly excluded.
In the instant case, despite appellees' aptly articulated argument to the contrary, we hold that the exclusion of punitive damages in the definitions section of the American Surety policy issued to Mr. Lumar does not offend public policy. Appellees are not *801 entitled to an award for exemplary damages to be paid by Mr. Lumar's insurer.
Accordingly, we will amend the judgment to reflect the changes in the calculations previously mentioned, and we will otherwise affirm the judgment of the trial court. We cast appellant and appellees to share equally the costs of this appeal.
AMENDED, AND AFFIRMED AS AMENDED.