# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-185

NICHOLAS WILLIAMS, ET AL.

VERSUS

USAGENCIES CASUALTY INS. CO.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 73991-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

## BILLY HOWARD EZELL
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED; RENDERED; AND REMANDED.**

**William Howard Justice**
**5420 Corporate Blvd., Ste 103**
**Baton Rouge, LA 70808**
**(225) 926-1810**
**COUNSEL FOR DEFENDANT/APPELLANT:**
　　**USAgencies Casualty Ins. Co.**

**Timmy James Fontenot**
**P. O. Box 68**
**Mamou, LA 70554**
**(337) 468-4444**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
  **Nicholas Williams**
  **Bobby Giroir**

**EZELL, Judge.**

USAgencies Casualty Insurance Company, Inc. appeals a trial court judgment granting summary judgment in favor of Nicholas Williams and Bobby Giroir. The plaintiffs instituted a class action lawsuit seeking damages and penalties when USAgencies failed to pay for collision damages under its contract of automobile insurance. USAgencies filed a motion for summary judgment alleging that its policy excluded coverage for first-party property damage while driving with a blood alcohol content above the legal limit. The plaintiffs filed a motion for partial summary judgment claiming the exclusion was unenforceable. The trial court denied USAgencies' motion for summary judgment and granted the plaintiffs' motion for summary judgment, declaring that the subject policy exclusion is void and unenforceable because it is against public policy.

## FACTS

On August 26, 2012, Nicholas Williams was operating a 2005 Chevrolet Avalanche when he was involved in a single-car collision and cited for driving while intoxicated. The automobile was a total loss. Mr. Williams filed a claim for damages to the truck under his own policy of insurance with USAgencies held by Bobby Giroir and himself, as a permitted driver. USAgencies denied coverage due to a policy exclusion for blood alcohol content above the legal limit. The plaintiffs filed suit for damages to the truck and for emotional damages due to the financial strain of paying a bank note for collateral that no longer exists.[1]

After answering and filing several exceptions, USAgencies filed a motion for partial summary judgment seeking a determination by the trial court that the

---

[1] The plaintiffs also filed a motion for class certification, but that motion has not been set for hearing by either party.

exclusion in its insurance policy is enforceable. The plaintiffs also moved for partial summary judgment requesting a finding that the exclusion is unenforceable as ambiguous, vague, and/or against public policy.

To oppose USAgencies' motion and support their motion, the plaintiffs submitted several affidavits. One of the affidavits, from a finance manager of a Lafayette car dealership, states that the majority of all automobiles sold at the dealership are financed. There are affidavits from presidents and vice presidents of three different banks, all attesting that as the loan officers for their respective institutions, they would not finance any automobile with an exclusion as it is written in USAgencies' policy. USAgencies filed a motion to strike these affidavits.

After a hearing on the motions for summary judgment and the motion to strike, the trial court denied USAgencies' motion to strike and for summary judgment. The trial court granted the plaintiffs' motion for summary judgment finding that the subject policy exclusion is void and unenforceable because it is against public policy. USAgencies then filed the present appeal seeking reversal of the trial court's denial of its partial motion for summary judgment and the granting of the plaintiffs' motion for partial summary judgment. USAgencies also seeks reversal of the trial court's denial of its motion to strike the four affidavits.

**AFFIDAVITS**

We must first address USAgencies' contention that the four affidavits are inadmissible. USAgencies claims the affidavits are immaterial, irrelevant, and speculative. The plaintiffs offered the affidavits in support of their argument that the USAgencies policy exclusion is unenforceable claiming that it is against public policy because it "stifles commerce."

Louisiana Code of Civil Procedure Article 967 permits the use of affidavits for the purposes of supporting or opposing a motion for summary judgment if they are made on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters set forth in the affidavit. However, affidavits containing "'[m]ere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.'" *Richard v. Liberty Mut. Ins. Co.*, 13-26, p. 6 (La.App. 3 Cir. 10/9/13), 123 So.3d 345, 348 (quoting *Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168) (alteration in original).

The affidavit from the finance manager of a dealership states that 75% of the automobiles at that dealership are financed. He also concludes that this number could be as high as 90% on an industry-wide level. The other three affidavits are from loan officers who state that they would not finance any automobile with an exclusion as written in the USAgencies policy.

These conclusory statements are unsupported by sufficient admissible facts. None of the affidavits indicate that financing has been denied based on the contents of an insurance policy. Even in the present case, financing was provided when such an exclusion was in the policy. In addition to this exclusion, there are other exclusions in most policies under the comprehensive and collision sections, yet the financing of vehicles has continued. Furthermore, the statements are speculative as to what may occur in the future. We find these conclusory statements of these affiants are no more than unsupported speculation that financing would not be provided if this particular exclusion was included in automobile policy. Therefore, these affidavits are not sufficient to support or oppose a motion for summary

judgment, and the trial court erred in relying on them when ruling on the motion for summary judgment.

## SUMMARY JUDGMENT

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Collins v. Randall*, 02-209, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 352, 354.

Louisiana Code of Civil Procedure Article 966, which governs summary judgment proceedings, was significantly amended in both the 2012 and 2013 legislative sessions. These amendments affect the burden of proof elements of the Article. At the time of this hearing, August 2, 2013, the 2013 version of Article 966 was in effect. After the amendment by 2013 La. Acts No. 391, § 1, Article 966(F)(1)(emphasis supplied) now provides that "A summary judgment *may* be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Furthermore, Article 966(B)(2) now provides that evidence considered by the trial court must be "admitted for purposes of the motion for summary judgment." Article 966(F)(2) now provides that "[e]vidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection." Furthermore, "[o]nly evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion." La.Code Civ.P. art. 966(F)(2).

The amendments did not change the burden of proof applicable to a motion for summary judgment as set forth in Article 966(C)(2):

4

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

It is well-settled that "[a]ppellate review of the granting of a motion for summary judgment is *de novo* using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755 (citations omitted). In this matter, the evidence relied on by the litigants was attached to their motions for summary judgment or memorandum, so they complied with the evidentiary changes in Article 966.

USAgencies seeks review of both the grant of summary judgment in favor the plaintiffs and the denial of its own motion for summary judgment. Generally, a trial court's denial of a motion for summary judgment is not appealable. La.Code Civ.P. art. 967; *Arceneaux v. Norman*, 05-1536, 05-1537 (La.App. 3 Cir. 5/24/06), 931 So.2d 484, *writ denied*, 06-1629 (La. 10/6/06), 938 So.2d 76. However, the denial of a motion for summary judgment may be reviewed in conjunction with other appealable issues for the sake of judicial economy. *Arceneaux*, 931 So.2d 484. By challenging the denial of its motion in connection with an appeal of a final judgment granting summary judgment in favor of the plaintiffs, USAgencies has utilized the proper procedure to obtain review of the denial of its motion.

## VALIDITY OF EXCLUSION

The exclusion at issue applies to the policy provisions found in Parts D, E, F, and G, which provide coverage for comprehensive loss, collision, towing and labor, and rental reimbursement. The exclusion specifically provides, in pertinent part, "There is no Coverage For Damage To Your Auto for: . . . 12. Loss occurring while the operator of the auto insured under Parts D, E, F, and/or G has a blood alcohol content above the legal limit for operation of a motor vehicle."

As observed by USAgencies, an insurer can contract for anything that is not prohibited by statute or against public policy. *Marcus v. Hanover Ins. Co., Inc.*, 98-2040 (La. 6/4/99), 740 So.2d 603. Furthermore, clear and unambiguous provisions of an insurance policy that express the intent of the parties must be enforced as written. *Id.* USAgencies argues that there is no statute that prohibits the inclusion in an automobile policy of a first-party, property damage exclusion for operating above the legal limit of intoxication. We agree. Therefore, the question is whether it is against the public policy of Louisiana to exclude first-party, property damage that occurs while an insured vehicle is being operated above the legal limit of intoxication.

The plaintiffs argue that the exclusion is against public policy for four reasons. They first argue that it is an illusory contract because upholding this exclusion would allow USAgencies to exclude coverage for any and all violations of state law, leading to the absurd consequence of excluding all liability coverage. Secondly, the plaintiffs argue that the exclusion interferes with commerce, because collision coverage was required as part of the financing agreement when Mr. Giroir bought the vehicle. Thirdly, the plaintiffs claim that the act of driving while intoxicated does not require that the driver "intentionally" drive drunk, so that it is

6

not in the form of an intentional act that may be excluded from an insurance contract. Lastly, the plaintiffs argue that the exclusion is ambiguous because it does not define "legal limit."

On the other hand, USAgencies claims that enforcement of the exclusion promotes public policy, as it is against public policy and state law to drive a vehicle in Louisiana with a blood alcohol content above the legal limit.

The legislature has enunciated that public policy concerning the purpose of liability insurance in La.R.S. 22:1269(D) provides that all liability policies are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable, giving protection and coverage to all insureds for any legal liability the insured may have within the terms and limits of the policy. As noted by the supreme court in *Marcus*, 740 So.2d at 606, "[t]he purpose of the compulsory automobile liability insurance law is not to protect the owner against liability, but to provide compensation for persons injured by the operation of insured vehicles." The omnibus coverage provision of La.R.S. 32:900 does not come into play when the issue is whether there is collision coverage. *Cormier v. American Deposit Ins. Co.*, 95-865 (La.App. 3 Cir. 12/6/95), 664 So.2d 807. This is because there is no requirement that collision coverage be purchased at all.

Obviously, public policy, as established by the compulsory automobile liability insurance law, dictates that automobile insurance provide coverage for injuries and damages suffered by third parties. When contracting for insurance for damages suffered by the policy owner, public policy does not require an owner to protect himself at all.

There is a strong public policy in Louisiana against driving while intoxicated. Numerous laws have been enacted enforcing the importance of not driving while

intoxicated. It is unlawful for an operator of a motor vehicle or a passenger in a motor vehicle to possess an open alcohol beverage container or consume an alcoholic beverage in a motor vehicle. La.R.S. 32:300. It is a crime to operate a vehicle while intoxicated. La.R.S. 14:98; La.R.S. 14:98.1. In a civil case, punitive damages are available when damages have been caused by an intoxicated driver with a wanton or reckless disregard for the rights and safety of others. La.Civ.Code art. 2315.4. Collision damage waiver forms issued by rental car agencies can specifically exclude damages incurred while "[d]riving while intoxicated or under the influence of any drug, or the combined influence of alcohol and any drug." La.R.S. 22:1525(B)(2)(b).

In *Taylor v. Lumar*, 612 So.2d 798 (La.App. 1 Cir. 1992), the first circuit addressed the issue of an exclusion in an automobile insurance policy for punitive damages against an intoxicated driver. The first circuit stated, "We are not convinced that the compulsory liability insurance law mandates that drivers be insured for wanton or reckless behavior brought about by voluntary intoxication." *Id*. at 800. The first circuit held that the exclusion of coverage for punitive damages did not offend public policy.

In *Collins*, 836 So.2d 352, the first circuit had to determine whether an exclusion for loss caused by a driver under the influence of alcohol in an excess insurance policy on a rental vehicle was valid. The first circuit held that public policy of Louisiana did not dictate that insurers provide excess coverage to customers of self-insured rental car agencies for accidents related to alcohol consumption.

Plaintiffs' argument that the exclusion is illusory, i.e. a contract in which the promisor has not committed himself in any manner, because USAgencies will be

8

able to exclude every violation of state law, is a stretch. Clearly, the parties can contract for whatever terms they want as long it does not violate the law or is against public policy. What a future contract may provide is not before us. We are dealing with one exclusion in this case and whether that exclusion is against public policy. The policy still provides coverage for damage to the insured's vehicle if one of the exclusions does not apply.

Nor do we find that the language of the exclusion is ambiguous. The exclusion clearly provides that the blood alcohol content must be above the legal limit which is clearly defined by law. La.R.S. 14:98; La.R.S. 14:98.1.

We also find that public policy does not compel insurers to provide coverage for damages to an insured's own vehicle caused by an intoxicated driver. Insureds are not even required to purchase comprehensive or collision coverage on their vehicle. The fact that a person who finances a car may have to find and pay extra money for an insurance policy that does not exclude coverage for damages to the vehicle if they are in an accident because they are driving while intoxicated is not against public policy. Ownership of a vehicle is not a guaranteed right. Public policy dictates that innocent third parties are protected from damages caused by another person while driving, not that the owner is protected from his own negligent acts.

## CONCLUSION

We find that the first-party collision coverage exclusion for loss occurring to an insured vehicle while the operator was driving with a blood alcohol content above the legal limit is valid and enforceable. Therefore, the trial court erred in granting the plaintiffs' motion for summary judgment. Accordingly, we reverse the trial court's judgment in favor of the plaintiffs, grant the motion for summary

9

judgment filed by USAgencies, and remand this case to the trial court for further proceedings. Costs of this appeal are assessed to the plaintiffs, Nicholas Williams and Bobby Giroir.

**REVERSED; RENDERED; AND REMANDED.**