556 So.2d 191 (1990)
WELLS & PARKER ARCHITECTS, INC., Appellee,
v.
MONROE-McKEEN PLAZA HOUSING DEVELOPMENT CORPORATION, et al., Third Party Appellant,
McKeen Plaza Housing Development (Third Party Defendant).
No. 21077-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
Barnes, Jefferson & Robertson by Stephen A. Jefferson, Monroe, for plaintiff-appellee.
Hayes, Harkey, Smith, Cascio & Mullins by Francis C. Broussard, Monroe, for third-party defendant-appellant McKeen Plaza Housing Development.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Third-party defendant, McKeen Plaza Housing Development appealed the judgment of the trial court in favor of plaintiff, Wells & Parker Architects, Inc., awarding it $7400 representing fees allegedly due by the third-party defendant for architectural services. For the reasons stated herein, we reverse.
Issues Presented
Although third-party defendant has raised six assignments of error on appeal, we find the first two assignments to be dispositive of this matter and therefore only address the following issues:
1) Whether the trial court erred in rendering judgment in favor of plaintiff where plaintiff did not sue third-party defendant and plaintiff's demand against the original defendant was dismissed; and,
2) Whether the trial court erred in finding that an action to collect architectural fees, which is also an action on an open account, is subject to a ten year prescriptive period rather than a three year prescriptive period simply because there was a written contract.
Factual Context
The evidence in this case established that on April 14, 1981, plaintiff and Monroe-McKeen Plaza Housing Development Corporation ("Monroe-McKeen") executed a contract for inspection services in connection with the construction of an 80 unit low-income apartment complex for the elderly known as McKeen Plaza located in Monroe. On June 24, 1981, Monroe-Mckeen *192 and McKeen Plaza Housing Development ("McKeen Housing") executed a contract with Ouachita National Bank to finance the construction project. The owner of the project under the terms of the contract was McKeen Housing, a Louisiana partnership with Ralph W. Brockman, Jr., as its general partner. The contract with Ouachita National Bank specifically stated that the owner would pay, when due, all costs, fees and expenses required by the loan documents and the consummation of the transaction. Among the expenses and fees required in the loan documents were the fees of the inspecting architects, the plaintiff herein. There was never any contract for inspection services executed between plaintiff and McKeen Housing.
In the contract with plaintiff, Monroe-McKeen agreed to pay plaintiff a fee determined at the rate of two and one-half times the direct personnel expense, which included actual and reasonable salaries paid to the inspector's collaborators and technical personnel for performing the services stipulated under the contract, at rates of pay consistent with the nature of the services performed but not to exceed a maximum of $55 per hour. The contract provided that the total compensation to the architectural firm would not exceed $37,000.
Plaintiff billed Monroe-McKeen a total of $22,830 for its professional services on the construction project. McKeen Housing paid plaintiff the amount of $15,390, leaving a balance allegedly due of $7400. On March 4, 1987, plaintiff instituted this action for the balance of its professional architectural fees naming as defendant, Monroe-McKeen. McKeen Housing was not named in plaintiff's action.
On July 31, 1987, defendant, Monroe-McKeen filed a third-party claim naming as third-party defendant, McKeen Housing. Defendant alleged that it was a private non-profit corporation organized solely as an agency of the Monroe Housing Authority. Its purpose was to provide low or moderate income housing and it performed that function by assisting in the issuance of tax exempt bonds, the proceeds of which enabled owners to develop projects at lower costs. The owner of the project financed with bonds issued by Monroe-McKeen was McKeen Housing. Defendant alleged that, as the owner of the project, third-party defendant was responsible for payment of the architectural fees pursuant to the contract executed with Ouachita National Bank on June 24, 1981, and that defendant was largely a nominal party only necessary for the facilitation of the transaction but having no active role in the construction project. Defendant noted that McKeen Housing had paid all of the fees due to the inspecting architects with the exception of the fees which plaintiff might be entitled to recover in this proceeding. Defendant alleged it was the beneficiary of the commitment which third-party defendant made to pay all costs, fees and expenses associated with the transaction and that it should have judgment against the third-party defendant in the amount of any sum for which it might be ultimately held liable to plaintiff.
It does not appear from the record that plaintiff ever amended its petition to make third-party defendant, McKeen Housing, a defendant in its original action.
In response to the third-party claim, third-party defendant filed a peremptory exception of prescription alleging that the cause of action in the original petition and third-party claim was an action for the recovery of professional fees which were incurred more than three years prior to the commencement of the action and were therefore prescribed by the three year prescriptive period set forth in La.C.C. Art. 3494. The exception of prescription was deferred for hearing until the trial on the merits.
At the trial, it was established that Monroe-McKeen was a non-profit corporation formed by the Monroe Housing Authority for the purpose of issuing tax exempt bonds to be used as permanent financing for a multi-family complex. McKeen Housing was a partnership formed by Ralph Brockman solely for the purpose of owning the 80 unit multi-family complex. It appears that Brockman in the preliminary construction phase had contracted with another *193 architect to provide architectural services for the project. The fee was to be $24,000 for the design phase and $8000 for the inspection phase. However, Brockman was told by Monroe-McKeen to hire plaintiff as the inspecting architectural firm. Brockman testified he was forced into accepting plaintiff under duress and fear of losing the project and that he had never entered into any type of contract with plaintiff. Brockman paid over $15,000 but refused to pay the remainder, testifying that there was no verification that these amounts were due, the amount he had paid was more than adequate, and that fees charged by plaintiff were excessive and unjustified.
The evidence showed that the project began construction at the end of June and was completed by Christmas 1981, a period of approximately five and one-half months.
The invoices filed into evidence established that third-party defendant was billed by plaintiff on January 8, 1982 for architectural services in the amount of $6000. On February 10, 1982, plaintiff billed third-party defendant $1140 for services rendered in January 1982, plus the $6000 past due for November and December for a total of $7140. Third-party defendant was billed on March 4, 1982 for the amount past due of $7140 plus $300 for architectural services in February 1982. Third-party defendant was billed for $7440 on April 8, 1982, May 6, 1982 and June 9, 1982.
After reviewing the evidence, the trial court found in favor of plaintiff and against third-party defendant, McKeen Housing, for the full sum of $7400. The court found no liability on the part of Monroe-McKeen since it concluded this corporation was only involved for the purpose of advice and to serve as a conduit for monies needed to fund the project. The court noted that third-party defendant entered into an agreement where it would act as the primary developer of a housing project to be constructed under HUD guidelines and that third-party defendant was familiar with the regulations under which it had to operate. The agreement entered into by third-party defendant, Monroe-McKeen and Ouachita National Bank specifically concerned inspecting architects and HUD advised the parties that $37,000 was available in the budget for this purpose. Another contract was entered into whereby plaintiff agreed to serve as inspecting architect with $37,000 available as the maximum compensation with an hourly rate not to exceed $55 per hour.
The court found that there was a binding contractual obligation in existence between plaintiff and third-party defendant with the Monroe Housing Authority serving only as a conduit for funds. The court further found the $7400 in dispute was due and owing. The court noted the evidence clearly showed plaintiff immediately began work on the project and all of the work was performed by plaintiff, which finding was supported by the time sheets. Further, third-party defendant paid the sum of $15,390 in fees before objecting and refusing to pay the balance. The court dismissed all demands against Monroe-McKeen and denied the peremptory exception of prescription filed by third-party defendant.
Judgment Against Third-Party Defendant
Louisiana C.C.P. Art. 1111 provides in pertinent part that:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant ... may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand....
It is well established in the jurisprudence that under La.C.C.P. Art. 1111 it is necessary that a plaintiff amend his petition to include a third-party defendant as a direct defendant before a judgment may be rendered in favor of plaintiff and against a third-party defendant. See Winn v. Thompson-Hayward Chemical Company, *194 522 So.2d 137 (La.App. 2d Cir.1988); Zale Indemnity Company v. Smith, 520 So.2d 1273 (La.App. 5th Cir.1988), writ denied, 521 So.2d 1187 (La.1988) and 541 So.2d 876 (La.1989); Shaffer v. Illinois Central Gulf Railroad Company, 479 So.2d 927 (La. App. 1st Cir. 1985), writ denied, 483 So.2d 1021 (La. 1986); Kling v. Collins, 407 So.2d 478 (La.App. 1st Cir.1981); Deblieux v. P.S. & Sons Painting, Inc., 405 So.2d 600 (La. App. 3d Cir.1981), and Heckel v. Travelers Insurance Company, 340 So.2d 363 (La. App. 1st Cir.1976).
According to the record, plaintiff did not amend its petition to name third-party defendant, McKeen Housing, as a defendant in its principal action against Monroe-McKeen. The trial court awarded judgment in favor of plaintiff directly against third-party defendant and dismissed defendant from the action. As the third-party defendant was not a party to the principal action filed by plaintiff, the trial court could not properly render a judgment in favor of plaintiff against third-party defendant.
Prescription
La.C.C. Art. 3494 provides in pertinent part that the following actions are subject to liberative prescription of three years:
1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board; (Emphasis added)
La.R.S. 9:2781 provides in pertinent part that:
"Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.
La.C.C. Art. 3499 provides as follows:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
Appellant argues that this is a suit to recover architectural fees which is also a suit on an open account and thus the three year prescriptive period, rather than the ten year prescriptive period for contracts, is applicable. It further asserts that the mere fact there is a written contract would not alter the applicable prescriptive period. It notes that the suit is based upon the statement dated April 8, 1982 in the amount of $7440. Therefore, the work which plaintiff billed for was completed on or before the date of that statement. Plaintiff did not file suit until March 4, 1987, nearly five years later.
Plaintiff argues and the trial court found that the action was based in contract, not on an open account for professional services, and therefore the ten year prescriptive period was applicable.
Although the agreement of the parties was evidenced in part by a written document we find that this is an action on an open account and not in contract. The written document did not specifically establish the amount that would be paid for architectural services but merely fixed the maximum hourly rate and the maximum total fee for such services. The actual payments to be made were based upon the amount of work performed by the architects as billed through the invoices sent to third-party defendant. The invoices in the record indicate the services were billed on fairly regular basis and the fees were to be paid as incurred and not at the end of the construction project or contract. This relationship is consistent with the open account agreement one would expect from other professionals such as attorneys and physicians and we can find no justification to consider this claim as one in contract as opposed to open account. The nature of the relationship between the parties was one where professional services were rendered on a continuing basis. There had been running or current dealings between the parties and the account had been kept open with the expectation of further dealings and, thus, may be properly classified as an open account. See Moore, Romero & Company v. Nan Corporation, 458 So.2d 675 (La.App. 3d Cir.1984).
The evidence established that the construction project was completed around *195 Christmas 1981. The invoices submitted into evidence show that architectural services were rendered through February 1982 and together with the amount past due from November and December 1981 totaled $7440. The date of the last invoice was June 9, 1982 and plaintiff did not institute this action for fees allegedly due until March 4, 1987, a period in excess of three years. Clearly, by the date of the last invoice there were no new charges for architectural services rendered and it appears that the relationship between the parties had terminated. As all of the charges allegedly due for professional services rendered were incurred before the date of the last invoice, plaintiff's claim has clearly prescribed. Consequently, even if third-party defendant had been made a defendant on the principal demand, the claim had prescribed.
Conclusion
For these reasons, the judgment in favor of plaintiff, Wells and Parker Architects, Inc. and against third-party defendant, McKeen Plaza Housing Development, is REVERSED and the suit against the third-party defendant is dismissed. All court costs, both in the trial court and on appeal, are assessed to plaintiff.