645 So.2d 1227 (1994)
Marilyn DENNISON and Bonney Dennison
v.
LIBERTY MUTUAL INSURANCE COMPANY, Allstate Insurance Company, Superior Ford, Inc. and Lee Andrew Bradshaw.
No. CA 94 0026.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
*1228 Louis Lambert, Jr., Philip Bohrer, Baton Rouge, for plaintiffs/appellants, Marilyn and Bonney Dennison.
Lindsey J. Leavoy, Baton Rouge, for third-party defendant/appellee, Louisiana Indem. Co.
W. Luther Wilson, Baton Rouge, for defendant/appellee Liberty Mut. Ins. Co.
Eddie L. Anderson, Baton Rouge, for defendant, Allstate Ins. Co.
Kenneth W. Benson, Baton Rouge, for third-party defendants, Raymond and Cheryl Riles.
Before CRAIN, FOIL and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiffs from a trial court judgment, granting the motion for summary judgment of Liberty Mutual Insurance Company and from a trial court judgment, granting the motion for summary judgment of Louisiana Indemnity Company. For the following reasons, we affirm the summary judgment in favor of Liberty Mutual Insurance Company and reverse the summary judgment in favor of Louisiana Indemnity Company.

FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of an automobile accident which occurred on October 13, 1989. In their petition, plaintiffs, Marilyn and Bonney Dennison, alleged that the vehicle being driven by Marilyn Dennison was struck from the rear by a 1989 Ford pickup truck, owned by Superior Ford, Inc. and being operated by Lee Andrew Bradshaw (Bradshaw). The Ford pickup truck had been rented from Superior Ford, Inc. by Raymond and Cheryl Riles, by whom Bradshaw was employed. Bradshaw was not listed as an additional driver under the terms of the rental agreement.
Named as defendants in plaintiffs' petition were: Bradshaw, as the driver of the vehicle which struck Marilyn Dennison; Superior Ford, Inc., as the owner of the vehicle being driven by Bradshaw; Liberty Mutual Insurance Company (Liberty Mutual), as the liability insurer of Superior Ford, Inc. and Bradshaw; and Allstate Insurance Company (Allstate), as the UM insurer of plaintiffs.
Allstate subsequently filed an answer, cross-claim and third-party demand. In its third-party demand, Allstate named Louisiana Indemnity Company (Louisiana Indemnity) *1229 as a third-party defendant, among others. In its third-party demand against Louisiana Indemnity, Allstate alleged that "[o]n information and belief, Louisiana Indemnity Company was at all times relevant herein the automobile liability insurer for Lee Andrew Bradshaw and is, therefore, liable for damages caused by him." (Emphasis added.)
Louisiana Indemnity then filed a motion for summary judgment against plaintiffs, averring that plaintiffs' suit against it should be dismissed. In its memorandum in support of its motion, Louisiana Indemnity contended that it had been sued by plaintiffs under the theory that Bradshaw was an insured under the Louisiana Indemnity policy issued to Raymond Riles, which covered the Ford pickup being driven by Bradshaw. However, Louisiana Indemnity contended that inasmuch as Bradshaw did not have permission to operate the Ford pickup, Bradshaw was not an insured under the policy issued to Raymond Riles.
Liberty Mutual also filed a motion for summary judgment, alleging that the policy of insurance it issued to Ford Motor Company did not extend insurance coverage to Bradshaw and, thus, contending that plaintiffs' suit against Liberty Mutual should be dismissed.
A hearing on both motions for summary judgment was held on July 9, 1993. By judgment dated that same day, the trial court granted the motion for summary judgment of Louisiana Indemnity, ordering that "[p]laintiffs' demands against defendant Louisiana Indemnity Company are dismissed with prejudice at plaintiffs' costs." By judgment dated July 16, 1993, the trial court also granted Liberty Mutual's motion for summary judgment, dismissing plaintiffs' suit against this defendant with prejudice and at plaintiffs' costs.
From these judgments, plaintiffs appeal.

DISCUSSION
Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, 615 So.2d 985, 988 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La. 1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).

Liberty Mutual's Motion for Summary Judgment
Plaintiffs contend that the trial court erred in granting Liberty Mutual's motion for summary judgment, because a genuine issue of material fact exists as to whether Bradshaw had implied permission from the Rileses to operate the Ford pickup truck at the time of the accident. Liberty Mutual, on the other hand, contends that whether the Rileses gave Bradshaw permission to operate the vehicle is irrelevant. According to Liberty Mutual, *1230 the rental contract between Superior Ford, Inc. and the Rileses restricted insurance coverage otherwise provided under a policy issued to Superior Ford/Ford Rent-A-Car System to those persons named in the rental agreement as drivers. Liberty Mutual contends that because Bradshaw was not listed in the agreement as an authorized driver, the insurance policy's coverage did not extend to him.[1]
The rental agreement in question provided, in pertinent part, as follows:
1. Drivers. In no event shall the vehicle be used, operated or driven by any person other than the Customer or qualified licensed drivers at least 21 years of age who have Customer's advance permission to use the vehicle and whose names appear on Page 2 hereof.

* * * * * *
5. Vehicle Insurance. Licensee provides liability insurance coverage for persons using the vehicle with the permission of the Licensee as provided for in Paragraph 1 hereof (and not otherwise) in accordance with the provisions of an automobile liability insurance policy with limits of $100,000 per person, $300,000 per accident for bodily injury including death and $100,000 property damage per accident.... LICENSEE'S POLICY SHALL NOT APPLY:... (3) to any liability of Customer or any driver, or any employer of either, arising while the Vehicle is being used in violation of the terms and provisions of this agreement.... (Emphasis added.)
On page 2 of the rental agreement, Raymond Riles was listed as the "Customer" and Cheryl Riles was listed as an "additional driver."
We first address the contention of Liberty Mutual that the lease agreement restricted insurance coverage so as to deny coverage to Bradshaw, as resolution of this issue in favor of Liberty Mutual would render moot the issue of whether Bradshaw had implied consent to operate the Ford pickup at the time of the accident.
In their memorandum in opposition to Liberty Mutual's motion for summary judgment, plaintiffs argued that the rental agreement between the Rileses and Superior Ford, Inc. cannot limit the insurance coverage and application of the "omnibus clause" of the Liberty Mutual policy. Relying on Jones v. Breaux, 289 So.2d 110, 112 (La.1974), plaintiffs averred that the lease agreement could not limit coverage under the Liberty Mutual policy to individuals specifically named in the lease agreement where the lease agreement was not incorporated into the insurance policy, in violation of LSA-R.S. 22:628.
Louisiana Revised Statute 22:628 provides, in pertinent part, as follows:
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance....
However, the Louisiana Supreme Court in Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d 606, 611 (La.1992), has held that the intent of LSA-R.S. 22:628 is to protect the parties to the insurance contract by assuring that both have in their possession the entire contract and that LSA-R.S. 22:628 does not provide and was not meant to provide protection to third parties, that is, parties other than the actual policyholder. The supreme court further held that the proper test for determining the enforceability of a rental agreement between a named insured and a third party, which limits the third party's coverage under the named insured's policy, is to ask whether the provision violates statutory law in the insurance code or elsewhere or derogates from public policy. Whether the rental agreement is incorporated into the policy is immaterial. Lindsey, 595 So.2d at 613. Thus, plaintiffs' argument *1231 that the provisions of the lease agreement attempting to limit coverage are unenforceable if the lease agreement was not incorporated into the policy is without merit.
Enforceability of the provisions of the rental agreement attempting to limit coverage only to individuals named in the agreement, therefore, depends upon a determination of whether the provisions violate a specific statute or contravene public policy. In Hearty v. Harris, 574 So.2d 1234 (La.1991), the Louisiana Supreme Court addressed a similar issue in determining whether a self-insured rental car agency, which enters into a rental agreement insuring only the renter and one named additional driver against liability, was mandated to provide omnibus coverage insuring other persons using the vehicle with the express or implied permission of the renter. In Hearty, the Supreme Court noted:
With the exception of Whittington [v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3rd Cir.), writ denied, 443 So.2d 591 (La.1983)], the appellate courts of this state have skirted the legal issue concerning the validity of unambiguous provisions in rental agreements which prohibit operation by unauthorized drivers. Instead, the lower courts have treated this legal issue as a factual one by enforcing specific prohibitions when the unauthorized driver operated the vehicle without the lessee's permission, while holding the same prohibitions unenforceable when the unauthorized driver had the lessee's implied or express permission to operate the vehicle. Absent statutory regulations to the contrary, there would appear to be no basis for the lower courts' disregard of the unambiguous restrictive language in the rental contracts.
Hearty, 574 So.2d at 1237 (Footnote omitted.) The court concluded that the Louisiana Motor Vehicle Safety Responsibility Law (LMVSRL), LSA-R.S. 32:851-32:1043, and, more specifically, LSA-R.S. 32:1042, which details the requirements and obligations of self-insurers, contained no provision expressly requiring a self-insured to be responsible for the actions of a person using the vehicle with the express or implied consent of either the self-insured or the authorized drivers. Thus, the court concluded that the LMVSRL does not compel a self-insured car rental agency to provide omnibus coverage on its vehicles. Hearty, 574 So.2d at 1238-1239.
The court further held that prohibitory clauses contained in the lease agreement, which it found to be a contract to provide liability coverage, did not conflict with LSA-R.S. 32:900(B)(2), which mandates the inclusion of specific omnibus provisions in a "Motor Vehicle Liability Policy."[2] In reaching this conclusion, the court distinguished between a "motor vehicle liability policy" and an "automobile liability policy":
The term "motor vehicle liability policy" is defined by La.R.S. 32:900(A) as "an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 and 32:899 as proof of financial responsibility, and issued ... by an insurance carrier duly authorized to transact business in this state...." By purchasing a "motor vehicle liability policy" an owner or operator satisfies the requirements of the LMVSRL. In contrast, an "automobile liability policy" is a voluntary policy which has not been certified as proof of a motorist's financial responsibility and does not therefore satisfy the requirements of the LMVSRL.
Hearty, 574 So.2d at 1239. The court held that the language of LSA-R.S. 32:900(B)(2) clearly indicated that the mandatory omnibus clause requirement applies only to a "motor vehicle liability policy" and does not affect the terms of a voluntary "automobile liability policy," which was not obtained to comply with the requirements of the LMVSRL. Hearty, 574 So.2d at 1239. Because it concluded *1232 that the contract of insurance between the self-insured rental agency and the lessee was a voluntary "automobile liability policy" to which LSA-R.S. 32:900 has no application, the court held that the insurance coverage created by the lease agreement was not subject to the requirements of LSA-R.S. 32:900.
The issue before this court is whether a car rental agency, which is not self-insured and which enters into a rental agreement insuring against liability only the renter and any named additional driver, is mandated under the LMVSRL to provide omnibus coverage, insuring other persons using the vehicle with the express or implied permission of the renter. In their memorandum in opposition to Liberty Mutual's motion for summary judgment, plaintiffs contended that LSA-R.S. 32:900(B)(2) requires every motor vehicle liability policy to provide coverage for the permissive use of the covered vehicle, i.e., to provide an omnibus clause and, thus, that any contractual provision in the rental agreement that deviates from this requirement is invalid.
We believe that resolution of this issue also turns on whether the insurance coverage extended to the Rileses (the lessees) was a "motor vehicle liability policy" or a voluntary "automobile liability policy." Louisiana Revised Statute 32:1041(B) provides as follows:
Any person, firm, association, or corporation licensed and engaged in the business of renting or leasing motor vehicles to be operated on the public highways shall only be required to furnish proof of financial ability to satisfy any judgment or judgments rendered against said person, firm, association, or corporation in his or its capacity as owner of the said motor vehicles, and shall not be required to furnish proof of its financial ability to satisfy any judgment or judgments rendered against the person to whom the motor vehicle was rented or leased at the time of the accident. (Emphasis added.)
The Supreme Court has interpreted this provision to mean that automobile lessors need only insure themselves as owners and need not insure their lessees. Lindsey, 595 So.2d at 613 n. 12; Hearty, 574 So.2d at 1242. Thus, it follows that any liability coverage extended to the lessee by the rental agreement would be in the nature of a voluntary "automobile liability policy." The provisions of LSA-R.S. 32:900(B)(2), requiring omnibus coverage in a "motor vehicle liability policy," do not extend to coverage offered by an automobile lessor to its lessee, and thus, the Liberty Mutual policy could be contractually limited through the lease agreement between the named insured (i.e. the policy holder) and the lessee.[3]See Lindsey, 595 So.2d at 612-613. The provisions of the lease agreement limiting liability coverage to the lessee and other named additional drivers do not violate any statutory provisions and are valid unless in derogation of public policy. Lindsey, 595 So.2d at 613.
We also believe that the Supreme Court's reasoning in Hearty, that it was not against public policy for a self-insured automobile rental agency to restrict liability coverage to certain named drivers, applies in the instant case. The rental agency has an interest in protecting its property and the right, as owner of the vehicle, to impose restrictions on the operation and use of the vehicle. Hearty, 574 So.2d at 1242.
Thus, in the absence of statutory regulation to the contrary and in the absence of derogation from public policy, we find no reason to disregard the unambiguous provisions in Superior Ford, Inc.'s rental agreement which clearly limited liability coverage to the lessee and any additional drivers specifically named in the agreement, without regard to whether the driver had the lessee's *1233 permission to operate the vehicle. Because Bradshaw was not listed as an additional driver in the lease agreement, coverage under the Liberty Mutual policy did not extend to him or his acts of negligence. Thus, Liberty Mutual was entitled to judgment as a matter of law. Accordingly, the summary judgment in favor of Liberty Mutual is affirmed.

Louisiana Indemnity's Motion for Summary Judgment
Plaintiffs also contend that the trial court erred in granting summary judgment in favor of Louisiana Indemnity and against plaintiffs, because genuine issues of material fact exist as to whether Bradshaw had implied permission of the Rileses to operate the Ford pickup at the time of the accident.
Without reaching plaintiffs' argument, we conclude that the trial court erred in rendering judgment in favor of Louisiana Indemnity and against plaintiffs, inasmuch as the record reveals that plaintiffs never filed suit against Louisiana Indemnity.
As stated above, in their original petition, plaintiffs named as defendants Bradshaw; Superior Ford, Inc.; Liberty Mutual and Allstate. Moreover, the record contains no amended petition by plaintiffs adding Louisiana Indemnity as a defendant. Nonetheless, Louisiana Indemnity filed a motion for summary judgment, which alleged, in pertinent part, as follows:

1.
[Louisiana Indemnity] was made a party to this lawsuit by the plaintiffs' original petition for damages. Plaintiffs allege that [Louisiana Indemnity] maintained a policy of liability insurance which covered the alleged acts of negligence committed by Lee Bradshaw.

2.
As will appear from the pleadings, policy, and deposition in the record; no genuine issue of material fact exists. [Louisiana Indemnity] is entitled to summary judgment as a matter of law dismissing plaintiffs' demands with prejudice at plaintiffs' costs. (Emphasis added.)
In its memorandum in support of motion for summary judgment, Louisiana Indemnity further averred that plaintiffs had alleged in their petition that Bradshaw was an insured under the Louisiana Indemnity policy issued to Raymond Riles. Louisiana Indemnity admitted it had issued an insurance policy to Raymond Riles, which provided temporary coverage for the Ford pickup truck rented by the Rileses from Superior Ford, Inc. and driven by Bradshaw at the time of the accident in question. However, Louisiana Indemnity contended that Bradshaw was not an insured under the policy issued to Raymond Riles because Bradshaw did not have the permission of the Rileses to operate the Ford pickup truck.
Our review of the record discloses that the only capacity in which Louisiana Indemnity was sued was as third-party defendant in a third-party demand filed by Allstate, plaintiffs' UM insurer. Also, the stated basis of Allstate's third-party demand against Louisiana Indemnity was that Louisiana Indemnity was the liability insurer of Bradshaw, not of Raymond Riles.
A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. LSA-C.C.P. art. 421. The petition shall set forth the name, surname and domicile of the parties. LSA-C.C.P. art. 891. Judgment may not be rendered against a party who is not named as a defendant. Luneau v. Hanover Ins. Co., 478 So.2d 752, 757 (La.App. 3rd Cir.1985).
Moreover, pursuant to LSA-C.C.P. art. 1111, it is necessary that a plaintiff amend his petition to include a third-party defendant as a direct defendant before a judgment may be rendered in favor of plaintiff and against the third-party defendant. Shaffer v. Illinois Central Gulf Railroad Company, 479 So.2d 927, 929 n. 2 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986).
Applying these principles of law, we conclude that judgment likewise could not be rendered against the plaintiff and in favor of a party not named as a direct defendant by *1234 plaintiff. Because Louisiana Indemnity was not a party to the principal action filed by plaintiffs, the trial court could not properly render a judgment in favor of Louisiana Indemnity dismissing plaintiffs' claims against it, where plaintiffs had not yet asserted such claims. See Wells & Parker Architects, Inc. v. Monroe-McKeen Plaza Housing Development Corporation, 556 So.2d 191, 194 (La.App. 2nd Cir.1990). Accordingly, the trial court's judgment of July 9, 1993, which granted summary judgment in favor of Louisiana Indemnity and against plaintiffs is reversed.

CONCLUSION
For the foregoing reasons, the July 16, 1993 judgment of the trial court in favor of Liberty Mutual and against plaintiffs, granting Liberty Mutual Insurance Company's motion for summary judgment, is affirmed. The July 9, 1993 judgment of the trial court granting the motion for summary judgment of Louisiana Indemnity Company and dismissing plaintiffs' claims against this defendant, is reversed.
Costs of this appeal are assessed equally between plaintiffs, Marilyn and Bonney Dennison, and Louisiana Indemnity Company.
AFFIRMED IN PART AND REVERSED IN PART.
FOIL, J., concurs in the results.
NOTES
[1] We note from the transcribed oral reasons for judgment, the trial court resolved this issue on the basis that Bradshaw did not have permission to operate the vehicle, which the trial court conceded was a "factual issue." While the trial court erred in granting summary judgment on the basis of its resolution of a factual dispute, we find from our review of the record that Liberty Mutual is nonetheless entitled to summary judgment in its favor as a matter of law.
[2] Louisiana Revised Statute 32:900(B)(2) provides:

B. Such owner's policy of liability insurance:
* * * * * *
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles....
[3] We note that the Third Circuit Court of Appeal has addressed this issue of the validity of an extension of coverage to individuals only when specifically named in a lease agreement of a automobile rental agency which is not self-insured. The Third Circuit concluded that the omnibus clause in the insurance policy issued to the rental agency required the permission of the rental agency (who was the named insured) for extension of coverage to the permittee under the omnibus clause of the policy. Thus, permission extended by the lessee (who was not the named insured under the policy) did not trigger coverage under the omnibus clause. Veillon v. Urban, 614 So.2d 238, 240 (La.App. 3rd Cir.1993).