836 So.2d 352 (2002)
Cheryl Allen COLLINS
v.
Phil D. RANDALL, Empire Fire and Marine Insurance Company, et al.
No. 2002 CA 0209.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*353 K. Luke Williamson, McKay, Williamson, Lutgring & Cochran, L.L.C., Baton Rouge, for Plaintiff-Appellant Cheryl A. Collins.
Stephen N. Elliott, Bernard, Cassia, Elliott & Davis, Metairie, for Defendant-Appellee Empire Fire & Marine Ins. Co.
Before: PARRO, JAMES, and PATTERSON, JJ.[1]
PARRO, J.
This is an appeal by the plaintiff from an adverse summary judgment rendered in favor of Empire Fire and Marine Insurance Company. For the following reasons, we affirm the summary judgment.

FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of an automobile accident that occurred in Baton Rouge, Louisiana, on April 9, 2000. Plaintiff, Cheryl Allen Collins, alleges that her daughter, Tazwanna Allen, was killed when the car Tazwanna was operating was struck by a vehicle owned by Enterprise Leasing Company of New Orleans and operated by Phil D. Randall (Randall). Randall was leasing the vehicle from Enterprise at the time of the accident. Named as defendants in plaintiff's petition were Phil D. Randall, Enterprise Leasing Company of New Orleans (Enterprise), and Empire Fire and Marine Insurance Company (Empire).[2]
Empire issued a "Supplemental Rental Liability Insurance Excess Policy" to Enterprise. Pursuant to the Empire policy, excess coverage is provided, subject to certain conditions and exclusions, to persons paying to rent vehicles from Enterprise if they opted to purchase the supplemental coverage. The Empire policy provides excess coverage for the difference between $1,000,000 and the limits of the underlying insurance, defined as the minimum financial liability limits of the applicable state jurisdiction. Paragraph 6 of the "Rental Agreement" executed by Randall and Enterprise stipulates that Enterprise provides no liability insurance coverage to the lessee of the vehicle for bodily injury or *354 property damage to third parties, that the lessee's insurance applies, and that the lessee warrants that he has such insurance.
In due course, Empire filed a motion for summary judgment, averring that no coverage was available under its excess policy, because Randall was under the influence of alcohol at the time of the accident. The trial court granted the motion and dismissed plaintiff's claims against Empire, with prejudice and at plaintiff's cost. Plaintiff appeals the adverse decision of the trial court. The narrow issue presented for our review is whether the trial court erred in granting summary judgment and dismissing plaintiff's claim against Empire based on certain exclusions in the Empire excess policy.

STANDARD OF REVIEW
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the district court's determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1st Cir.6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Johnson v. Allstate Ins. Co., 95-1953 (La.App. 1st Cir.5/10/96), 673 So.2d 345, 347, writ denied, 96-1292 (La.6/28/96), 675 So.2d 1126. When denying coverage under a policy exclusion, the insurer bears the burden of proving the applicability of the exclusion asserted. Williams v. Diggs, 593 So.2d 385, 386 (La.App. 1st Cir.1991). Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 196-197. The Insurance Code expressly permits an insurer to impose limitations on its liability in the form of exclusions. See LSA-R.S. 22:620. The fact that the purpose of liability insurance, in general, is to protect the public, and not just the insured, does not mean that exclusions are not to be enforced. Hickey v. Centenary Oyster House, 97-1074 (La.10/20/98), 719 So.2d 421, 425.
In the case at hand, plaintiff concedes the applicability of the policy exclusions relied upon by Empire. Plaintiff also concedes that there are no material facts in dispute that preclude summary judgment. However, plaintiff argues that the policy exclusions relied upon by Empire are unenforceable because they violate statutory law and/or public policy.[3]

*355 THE EMPIRE EXCESS POLICY AND THE RENTAL AGREEMENT

The Rental Agreement entered into on February 14, 2000, shows that Randall, designated therein as the "renter," opted to purchase supplemental liability protection at the rate of $10.99 per day by checking the appropriate box on the Rental Agreement. Enterprise purchased the Empire excess policy as a means of providing the supplemental liability protection coverage it offered to its renters in the Rental Agreement.
The Empire policy is a "Supplemental Rental Liability Insurance Excess Policy" issued directly to the policyholder, Enterprise. By its terms, it provides excess insurance over and above the minimum financial liability limits under Louisiana law to persons who lease Enterprise vehicles and who also elect to purchase the optional "supplemental liability insurance" provided under the Empire policy.[4] Empire concedes that Randall purchased the optional Empire coverage and that Randall is an insured under the excess policy. However, it argues that no coverage is afforded to Randall for the accident at issue in this case because of the operation of the following exclusions:

D. EXCLUSIONS

In addition to the exclusions contained in the "underlying insurance", this insurance does not apply to the following:
1. Loss arising out of an "accident" which occurs while the "insured" is under the influence of alcohol or drugs, or other substances unless prescribed by a physician.
2. Loss arising out of the use of a "rental vehicle" when such use is in violation of the terms and conditions of the "rental agreement."
At paragraph 13, the Rental Agreement provided, in pertinent part:
13. VIOLATIONS OF THE CONTRACT: A violation of the contract shall exist if the car is used or driven:... (d) By any person if there is reasonable evidence they were under the influence of narcotics, intoxicants or drugs....[5]
In addition, we note that paragraph 6 of the Rental Agreement executed by Randall stipulates that supplemental liability protection does not apply if the Rental Agreement is violated.

DISCUSSION
The evidence submitted by Empire indicates, as plaintiff alleges in her petition, that Randall was under the influence of alcohol at the time of the accident and that he was driving the rented Enterprise vehicle when he collided with the car driven by Tazwanna Allen, causing her death. Thus, Randall's conduct falls squarely within the operation of the exclusions relied upon by Empire. Plaintiff concedes that the exclusions relied upon by Empire are applicable to the facts of this case. Nevertheless, *356 plaintiff contends that the exclusions are unenforceable, because they violate the requirements of the Louisiana Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq., and are in derogation of public policy. We do not agree.
Plaintiff is in error in contending that the Louisiana Motor Vehicle Safety Responsibility Law (LMVSRL) governs the enforceability of exclusions in a rental agreement and/or policy of insurance provided to a lessee of a vehicle by an automobile rental agency. Under the controlling jurisprudence, the LMVSRL does not govern the rental contract or the policy at issue. Therefore, it cannot be said that the exclusions in dispute violate the requirements of the LMVSRL.
In Hearty v. Harris, 574 So.2d 1234, 1238 (La.1991), the Louisiana Supreme Court held that a self-insured rental agency is not required by law to afford omnibus coverage in compliance with the LMVSRL and can lawfully restrict omnibus coverage provided under a rental agreement.[6] The court held that when a car rental agency agrees to provide liability coverage for a lessee, the agreement constitutes the equivalent of an insurance policy. However, absent a conflict with statutory requirements or public policy, the agency has a right to restrict omnibus coverage. The court distinguished between a "motor vehicle liability policy," which is defined in the LMVSRL as a policy of liability insurance certified as proof of financial responsibility, and an "automobile liability policy," a voluntary policy not certified as proof of financial responsibility and which is not required to comply with the LMVSRL. The court concluded that, since the rental agency in Hearty was self-insured and its certificate of self-insurance was the means by which it complied with the LMVSRL, the rental agreement, even if it provided insurance to the agency's lessees, did not constitute a policy issued to comply with the LMVSRL. Thus, it was not governed by the LMVSRL. Hearty, 574 So.2d at 1239. When a non-owner operator of a vehicle, such as a lessee of a vehicle, chooses to purchase a voluntary automobile liability policy, that policy does not have to comply with the LMVSRL. Hearty, 574 So.2d at 1240.
Having determined that there was no statutory impediment to a restriction on omnibus coverage afforded to a lessee, the court in Hearty went on to consider whether such a restriction might nevertheless violate public policy. The court held that it is not against public policy for a rental agency to restrict omnibus coverage afforded under its rental agreement, a limitation that would otherwise be in violation of the LMVSRL. The court found that a rental agency has an interest in protecting its property and has the right to impose restrictions on the operation and use of its vehicles. While it is true that automobile insurance policies are issued primarily for the protection of the motoring public, it is not the policy of this state to provide compensation to injured parties at all times. Hearty, 574 So.2d at 1242. The court also considered persuasive the language in LSA-R.S. 32:1041(B), and concluded that the legislature has recognized the unique nature of rental car agencies and stipulated that such agencies are not required to furnish proof of financial responsibility to satisfy judgments entered against their lessees. Hearty, 574 So.2d at 1242. Thus, *357 the court concluded in Hearty that public policy was not violated by restricting omnibus coverage in a rental agreement that provided liability insurance to a lessee.
In Dennison v. Liberty Mut. Ins. Co., 94-0026 (La.App. 1st Cir.11/10/94), 645 So.2d 1227, 1232, we faced a similar issue to that presented in Hearty. However, in Dennison the rental agency was not self-insured. Instead, the insurance provided to the lessee was afforded under an insurance policy issued by an independent insurance company. The rental agreement in Dennison stipulated that the coverage afforded under the insurance policy would extend only to drivers named in the rental agreement. The injured third party in Dennison argued that the rental agreement could not restrict the omnibus coverage that would otherwise have been provided under the insurance policy. We disagreed. We held that the rental agreement could validly alter the coverage under the policy. Moreover, we followed the rationale set forth in Hearty and reasoned that, since automobile lessors are not required to offer any insurance at all to their customers to cover a customer's potential liability to third parties, any such liability insurance extended by a rental agency, whether as a self-insurer or through an insurance policy, is in the nature of a "voluntary automobile liability policy." Pursuant to Hearty, voluntary automobile liability policies need not comply with the LMVSRL. Dennison, 645 So.2d at 1232. Accordingly, we concluded in Dennison that the restriction of coverage to drivers named in the rental agreement did not violate the provisions of the LMVSRL, even though the exclusion would have been unenforceable had it been in a policy that was covered by the LMVSRL.
We also found that the coverage exclusion at issue in Dennison did not violate public policy. We made this determination even though there is a statutorily mandated policy against such exclusions in "motor vehicle liability policies" and even though the policy at issue was a primary policy rather than an excess policy. Dennison, 645 So.2d at 1232. Our holding in Dennison confirms that the public policy concerns evidenced in the LMVSRL are not automatically engrafted upon insurance policies that are not governed by the LMVSRL.
In this case, it is abundantly clear that the policy provided by Empire was not issued as a means of satisfying the LMVSRL. Just as in Hearty, the rental agency in this case is self-insured. Thus, any insurance coverage it made available to lessees was in the nature of a voluntary automobile liability policy and was not governed by the LMVSRL. And, as we held in Dennison, it makes no difference whether the disputed exclusion is found in the rental agreement or in the policy of insurance. In this case, it is found in both.
Because the policy at issue in this case is an excess policy, it is even more apparent that it is not governed by the language or policy concerns manifested in the LMVSRL. The LMVSRL dictates the terms of coverage for primary policies and provides, inter alia, for mandatory minimum coverage limits. Since the Empire policy was, by its own terms, excess over the mandatory minimum limits required under Louisiana law, there was clearly no intent by either Enterprise or Randall to use the Empire policy as a means to satisfy the requirements of the LMVSRL provided in LSA-R.S. 32:900(A). We conclude, as we did in Dennison, that the Empire policy at issue in this case is a voluntary automobile liability policy not governed by the LMVSRL.
We likewise conclude, as we did in Dennison, that the exclusions at issue do not violate public policy. There is absolutely no statutory requirement that a *358 rental agency offer excess insurance to its customers or that the customers maintain such insurance. No driver in this state is required to carry excess insurance for the benefit of third parties. Nor does state law dictate all of the terms and conditions under which excess insurance must be provided when it is offered.[7] The Rental Agreement executed by Randall provided that the supplemental liability protection he was purchasing would not apply if the Rental Agreement was violated. The Rental Agreement further provided that operation of the rented vehicle under the influence of alcohol constituted a violation of the Rental Agreement. Since there is no statutory requirement that Randall have any excess insurance at all, we can find no public policy reason to infringe on the freedom of contract of Empire and Enterprise to impose a limitation on the excess coverage afforded.[8]
Nor can we find any other basis for implying that public policy precludes an excess carrier from excluding coverage for accidents related to alcohol consumption. As our supreme court found in Hearty, a rental car agency has a right to protect its property. We believe that an agency has a legitimate interest in precluding the use of its vehicles by intoxicated drivers. It has a similar justifiable interest in offering excess insurance to its customers on the condition that they do not violate the restrictions on use of the rented vehicle that the agency adopts and imposes by contract. Empire has a like interest in limiting the risks it agrees to insure. We do not believe that the public policy of Louisiana dictates that insurers providing excess coverage to customers of self-insured rental car agencies must provide coverage for accidents related to alcohol consumption.[9]
In sum, we find no statutory or public policy reasons to refuse enforcement of the exclusions in the Empire excess policy. The trial court did not err in granting *359 Empire's motion for summary judgment and in dismissing Empire from this litigation.[10]

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Empire Fire and Marine Insurance Company is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
NOTES
[1] Judge A. Clayton James, retired from the Twenty-Second Judicial District Court, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] Also named as a defendant was ABC Insurance Company, alleged to be an insurer of unknown name insuring Phil D. Randall.
[3] Plaintiff makes no argument that the Empire policy is unenforceable because not delivered. The delivery of the policy to the policyholder is sufficient to satisfy the mandates of LSA-R.S. 22:628. Naquin v. Fortson, 99-2984 (La.App. 1st Cir.12/22/00), 774 So.2d 1277, 1280. See also Lindsey v. Colonial Lloyd's Ins. Co., 595 So.2d 606, 611 (La.1992) (holding that the statutory rules regarding delivery of policies are not meant to provide protection to third parties). Nor does plaintiff argue that the party renting the vehicle was unaware of the terms and/or scope of the excess supplemental insurance purchased, that the conduct of Empire was in any way deceptive or misleading, or that the exclusions at issue are vague or ambiguous. In Taylor v. Rowell, 98-2865 (La.5/18/99), 736 So.2d 812, 818, the Louisiana Supreme Court acknowledged the unique status of rental car agencies and noted that a person renting a car does not have a reasonable expectation of the broad coverage one might expect in a personal liability policy.
[4] Supplemental rental liability insurance is defined in the Empire policy as optional excess liability coverage made available to and elected by a "rentee," for which a premium is paid. By endorsement, Enterprise Leasing Company of New Orleans was designated as a policyholder.
[5] The copy of the contract in the record is difficult to read. However, plaintiff does not contest the correctness of the wording of paragraph 13 as noted above and as quoted in defendant's brief.
[6] An omnibus clause is intended to extend liability beyond the law of principal and agent. The Louisiana legislature requires a "Motor Vehicle Liability Policy" to include an omnibus clause, which insures the person named therein and any other person, as insured, using such motor vehicle or motor vehicles with the express or implied permission of such named insured, subject to certain statutory limitations. LSA-R.S. 32:900(B)(2). Hearty, 574 So.2d at 1238.
[7] An exception is found in the statutory requirement that all policies must afford UM coverage in the same limits of liability unless such coverage is expressly rejected by the insured. This exception is founded on the explicit language of LSA-R.S. 22:1406(D)(1)(a), which requires UM coverage under any policy that provides automobile liability insurance.
[8] Decisions in cases that do not deal with rental agencies, but discuss public policy concerns in the context of excess insurance, are consistent with the result we reach in this case. Cf. Adams v. Thomas, 98-2003 and 98-2005 (La.4/13/99), 729 So.2d 1041, 1044 (holding that a clause in a minimum limits primary automobile liability policy excluding coverage for drivers without a valid driver's license was found to be against the public policy manifested in the LMVSRL. The concurring opinion suggested that a different result might have been obtained if the policies at issue had been excess policies). See also Marcus v. Hanover Ins. Co., Inc., 98-2040 (La.6/4/99), 740 So.2d 603, 609-610 (holding that where an exclusion is held unenforceable because it contravenes public policy, the exclusion will be unenforceable only up to the statutory minimum limits and the exclusion will be enforced as to that portion of the policy in excess of the minimum limits).
[9] In Taylor v. Lumar, 612 So.2d 798 (La.App. 1st Cir.1992), we declined to strike language, even when appearing in a primary policy, that excluded coverage for exemplary or punitive damages associated with wanton or reckless behavior brought about by voluntary intoxication. We do not address the question of whether coverage afforded under a primary policy governed by the LMVSRL could exclude coverage for compensatory damages sustained by third parties injured in alcohol-related accidents. We deal here only with the extent to which such an exclusion can validly be placed in an excess policy afforded through a self-insured rental car agency. In some jurisdictions, such exclusions found in rental agreements providing primary liability coverage and/or found in primary liability insurance policies have been held unenforceable. See, e.g., Ryan v. Knoller, 695 A.2d 990 (R.I.1997) and cases cited therein. In contrast, in Philadelphia Indem. Ins. Co. v. Carco Rentals, Inc., 923 F.Supp. 1143 (W.D.Ark. 1996), the court found that such an exclusion can be enforced when found in an excess policy that provides voluntary supplemental excess insurance to customers who rent vehicles. See also Hertz Corp. v. Home Ins. Co., 14 Cal.App.4th 1071, 18 Cal.Rptr.2d 267 (1993). But see Philadelphia Indem., Ins. Co. v. Barerra, 200 Ariz. 9, 21 P.3d 395 (2001), where numerous defenses to a declaratory judgment action were raised that are not presented in this case.
[10] We are reinforced in the conclusion we reach in this case by the language in the LMVSRL at LSA-R.S. 32:900(G):

Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Chapter. With respect to a policy that grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this Section. (emphasis added).
If the portion of an automobile policy governed by the LMVSRL that provides coverage over and above the statutorily mandated limits need not comply with the LMVSRL, an insurance carrier issuing a stand-alone excess policy surely enjoys the same freedom of contract to provide coverage that does not conform to the LMVSRL. Thus, even if the Empire policy were governed by the LMVSRL, it would not affect our resolution of the dispute before us.