STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-10


RODERICK J. ROWAN, ET UX.

VERSUS

BURKE HOMES, INC., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20096808
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

**Aubrey Edward Denton**
**P. O. Drawer 52110**
**Lafayette, LA 70505-2110**
**(337) 289-9151**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Roderick J. Rowan**
    **Lois V. Rowan**

**Walter Kay Jamison, III**
**Kraft Gatz Lane Benjamin, LLC**
**600 Jefferson Street, Ste 410**
**Lafayette, LA 70501**
**(337) 706-1818**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kenneth Frank**

**Matthew John Ungarino**
**David I. Bordelon**
**Ungarino & Eckert, LLC**
**3850 N. Causeway Blvd., #1280**
**Metairie, LA 70002**
**(504) 836-7565**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bankers Insurance Company**

**Elbert Lee Guillory**
**633 E. Landry St.**
**Opelousas, LA 70570**
**(337) 942-6328**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kenneth Frank**

**William H. Eckert**
**Ungarino & Eckert, LLC**
**200 W. Congress, Suite 1010**
**Lafayette, LA 70501-6876**
**(337) 235-6268**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bankers Insurance Company**

**James Leslie Hilburn**
**10500 Coursey Blvd., Suite 205**
**Baton Rouge, LA 70816**
**(225) 389-8730**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Burke Homes, Inc.**
    **Jonathon Burke**

**Sharon Baskin Kyle**
**Nancy A. Richeaux**
**Nicholas R. Dunham**
**4960 Bluebonnet Blvd., Suite A**
**Baton Rouge, LA 70809**
**(225) 293-8400**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Burke Homes, Inc.**
    **Jonathon Burke**

**EZELL, Judge.**

At issue in this case is whether a commercial general liability policy issued by Bankers Insurance Company provides coverage in a suit filed by Roderick Rowan and his wife, Lois, alleging defects and poor workmanship in Kenneth Frank's brick work in the construction of their new home. The trial court found that the policy did not provide coverage and granted summary judgment in favor of Bankers Insurance Company dismissing it from the suit. The Rowans appealed the judgment.

## FACTS

On November 13, 2007, the Rowans entered into a contract to build a home in Youngsville with Burke Homes, Inc. The Rowans began moving into their home a year later. After moving into the home, the Rowans submitted punch lists to Burke Homes. Several items on the punch lists listed major flaws in construction of the home and/or poor workmanship. Several of the complaints involved the brick work. Specifically, it was alleged that the problems in the home included:

> defects and poor workmanship in the construction of the exterior brick veneer of the home, . . . failure to properly cap the brick parapet, failure to properly water proof [sic] the brick parapet and/or the exterior brick veneer of the home, . . . failure to brick the front entrance to the home all the way to the outside wall, . . . defects in the brick work around the front windows [sic] sills of the home, damage to the shrubbery, lawn and exterior concrete surfaces by the Defendants' use of acid to clean excessive mortar from the exterior brick veneer of the home.

The Rowans filed suit against Burke Homes and Jonathan Burke. As part of a third-party demand against several other people and entities, the Burke Defendants filed a claim against Kenneth Frank. Mr. Frank was the subcontractor who performed the brick work on the Rowan home. The Rowans then amended their suit to add Mr. Frank as an additional defendant. Mr. Frank's commercial general liability insurer,

Bankers Insurance Company, was also named as a third-party defendant by the Burke Defendants in a subsequent pleading.

Bankers filed a motion for summary judgment alleging that its policy of insurance did not provide coverage for the claims asserted by the Rowans. A hearing on the motion was held on August 13, 2012. The trial court agreed with Bankers and held that it was entitled to summary judgment. Judgment dismissing Bankers from the case was signed on August 13, 2012. Only the Rowans appealed the dismissal of Bankers.

**DISCUSSION**

The Rowans appeal the trial court's grant of summary judgment in favor Bankers arguing that the trial court erred in finding that there was no "occurrence" as defined by the Bankers' policy. They further argue that there is no exclusion under the "work/product" provisions of the policy. Bankers asserts that its policy language is identical to the policy language in *Supreme Services and Specialty* Co., *Inc. v. Sonny Greer, Inc*., 06-1827 (La. 5/22/07), 958 So.2d 634. Bankers argues that the supreme court's decision is applicable to the facts in the present case so that its commercial general liability policy does not provide coverage. However, we find that we do not need address these arguments as the record reveals that the Rowans never filed suit against Bankers therefore, there can be no judgment affecting the rights between these two parties.

Pursuant to La.Code.Civ.P. art. 1111, the original plaintiff in the principal action may assert any demand against the third-party defendant arising out of or connected with the principal demand once a third-party demand is made. The jurisprudence is clear that a plaintiff cannot recover judgment against a defendant it has never sued. *Deblieux v. P.S. & Sons Painting, Inc.*, 405 So.2d 600 (La.App. 3 Cir.

2

1981); *Guilbeau v. Roger*, 443 So.2d 773 (La.App. 3 Cir.), *writ denied*, 446 So.2d 1224 (La.1984); *Kling v. Collins*, 407 So.2d 478 (La.App. 1 Cir. 1981); *Dennison v. Liberty Mut. Ins. Co.*, 94-26 (La.App. 1 Cir. 11/10/94), 645 So.2d 1227; *Wells & Parker Architects, Inc. v. Monroe-McKeen Plaza Housing Dev. Corp.*, 556 So.2d 191 (La.App. 2 Cir. 1990).

We have thoroughly examined the record and find that the Rowans never filed suit against Bankers. After the Burke Defendants added Kenneth Frank and Bryant Bushnell d/b/a Bushnell's Concrete Service, the Rowans amended their petition to add these third-party defendants also. The Burke Defendants then added Bankers in a later pleading as a third-party defendant. The Rowans never added Bankers as a defendant. Because Bankers was not a party to the principal action filed by the Rowans, the trial court could not properly render a judgment in favor of Bankers dismissing the Rowans' claims against it, where the Rowans had not yet asserted such claims. *See Dennison*, 645 So.2d 1227. As a result, the trial court also erred in assessing any court costs associated with Bankers' motion for summary judgment against the Rowans. All costs should be assessed to the Burke Defendants.

For these reasons, the judgment of the trial court in favor of Bankers Insurance Company and against Jonathan Burke and Burke Homes, Inc. is affirmed. All costs associated with Bankers' motion for summary judgment are assessed to Jonathan Burke and Burke Homes, Inc. The judgment of the trial court in favor of Bankers Insurance Company and against Roderick and Lois Rowan, granting Bankers' motion for summary judgment, is reversed. Costs of this appeal are assessed to Lois and Roderick Rowan.

**AFFIRMED IN PART; REVERSED IN PART.**